IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| VS. | CC 201202820 |
| THADDEUS CRUMBLEY | |
| | MOTION IN LIMINE |
| | Filed on Behalf of the Commonwealth of Pennsylvania |
| | Counsel of Record for the Commonwealth of Pennsylvania |
| | STEPHEN A. ZAPPALA, JR. DISTRICT ATTORNEY |
| | By |
| | Steven M. Stadtmiller Deputy District Attorney Pa. I.D. No. 53332 |
| | Office of the District Attorney of Allegheny County 401 Courthouse Pittsburgh, Pennsylvania 15219 |
| | (412) 350-4406 |

FILED 2012 MAY 25 PM 2:51 DEPT OF COURT RECORDS CRIMINAL DIVISION ALLEGHENY COUNTY PA

Respondents' Exhibit 5                                                            0053

## MOTION IN LIMINE

TO THE HONORABLE, THE JUDGES OF SAID COURT:

     AND NOW, comes the Commonwealth of Pennsylvania by its attorneys, STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, and STEVEN M. STADTMILLER, Deputy District Attorney, and respectfully represents the following:

     1. The above-captioned case is currently pending before the court. The defendant is charged with Criminal Homicide, Robbery, Robbery of a Motor Vehicle, Carrying a Firearm Without a License, Person Not to Possess Firearm and Criminal Conspiracy. The charges stem from an incident on or about May 16, 2011, wherein the defendant, along with his co-defendant Matthew Ebo, is alleged to have robbed, shot and killed the victim in this case, Todd Mattox. Trial for this matter is scheduled to commence on June 11, 2012;

     2. Numerous 911 calls regarding the shooting resulted in the Penn Hills Police responding to the scene of the shooting at 7:39 PM on May 16, 2012. Penn Hills Police were able to locate the victim, Todd Mattox at that time, and observed him to be lying motionless in the parking lot of the Leechburg Garden Apartments in

Respondents' Exhibit 5                                                         0054

the Penn Hills section of Allegheny County, Pennsylvania. Mattox had been shot numerous times, and was pronounced dead at the scene by medics at 7:44 PM;

3. Richard Carpenter was interviewed by the Allegheny County Police, at which time he informed them that he was present at the time of the above mentioned shooting, and that he was an eye witness to the crime. Carpenter also was able to name the two shooters as "Bo" and "SK". Detectives showed Carpenter a photo array, from which he identified the photo of defendant Matthew Ebo as the shooter he knew as "BO". He was shown a second photo array from which he identified a photograph of defendant Thaddeus Crumbley as the shooter he knew as "SK".

4. On May 17, 2011, Anthony Snyder was interviewed by Homicide Detectives regarding his knowledge, if any, of the shooting death of Todd Mattox. Snyder told Detectives that he and Mattox had been friends for many years, and last spoke to each other on the phone at 6:17 PM the night of the murder, which turned out to be approximately 1 hour and 20 minutes before his lifeless body was found by the Penn Hills Police, as described above. Snyder stated that during this phone conversation, Mattox told him

that he had spoken to "Matt Matt" and that he was going to meet "Matt Matt". Snyder told Detectives that he knows "Matt Matt's" last name to be Ebo.

   5.   Given the available evidence and given the legal standard and Pennsylvania case law which governs the admissibility of such statements, Anthony Snyder's testimony regarding the above mentioned statements of Todd Mattox made just prior to his Murder should properly be admitted into evidence during the within Homicide trial via the "State of Mind" exception to the Hearsay Rule. Pa.R.E 803(3) Then existing mental, emotional, or physical condition.

   6.   Rule 803(3) provides that the following type of statement is admissible:

>   A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition, such as intent, plan, motive, design, mental feeling, pain, and bodily health.

   Pennsylvania case law is rife with cases that are directly on point with this issue and are essentially identical factually to the instant case.

In *Commonwealth v. Henderson*, 472 A.2d 211 (Pa.Super. 1984), the decedent was found shot to death in an apparent robbery-murder. At trial, several witnesses were permitted to testify to statements the decedent had made to them on the day prior to and on the day of his murder. The statements testified to all pertained to the same subject, which was that the victim intended to meet with the defendant on the day of the victim's death to sell a car for cash. The Superior Court held that the statements were properly admitted. The Court found that "[t]here is no doubt that the testimony [about the victim's statement of intention] was hearsay but there is a 'recognized exception to the rule barring admission of hearsay testimony for those out-of-court declarations which are offered to prove the declarant's state of mind.'" *Henderson*, at 214.

The *Henderson* court relied upon the Pennsylvania Supreme Court's decisions in *Commonwealth v. Marshall*, 135 A. 301 (Pa. 1926), and *Commonwealth v. Riggins*, 386 A.2d 520 (Pa. 1978). In *Marshall*, the Commonwealth was permitted to introduce evidence that the decedent had told a fellow train passenger, on the morning of the day of her death, that she intended to meet the defendant that

evening. In affirming the murder conviction, the Pennsylvania Supreme Court writes "[w]e are of opinion that the conversation was admissible, in connection with other evidence in the case, to show the intention of the deceased to meet defendant that evening". *Marshall*, at 304.

The court explained the rationale for the hearsay exception permitting the admissibility of such statements when it stated that "[i]t is, therefore because of the impossibility, in many cases, of proving intention apart from personal declarations, that they are admitted" and that "[t]he true basis of their admission, then, is necessity…" *Marshall*, at 304.

In *Riggins*, a witness at the murder trial was permitted to testify to the statements made by the victim regarding her intentions on the day she was murdered. There, the victim told her sister on the day of her death that she was expecting to be visited by the defendant later in the day. Declaring that the state of mind exception of the hearsay rule is well established, the court found these statements to be admissible in that "this evidence was admissible to show the state of mind of the victim, evidencing her

intent to remain at the house and her willingness to admit [the defendant]." *Riggins*, at 526.

7. There are a number of additional examples of cases in which the courts have found a victim's statement of intent to meet the defendant to be admissible under the state of mind exception to the hearsay rule. *Commonwealth v. Young*, 748 A.2d 166 (Pa. 2000) (witnesses permitted to testify regarding homicide victim's statements to them that, on the day before the murder, the victim told them that he was going with the defendant to retrieve a jeep that was stuck in the mud. Said statements were found to be admissible as evidence of the victim's intent); *Commonwealth v. Collins*, 703 A.2d 418 (Pa. 1998) (murder victim's statements that she intended to meet defendant shortly before her death and that she was concerned that defendant would harm her admissible under the state of mind exception to prove that victim did meet with defendant, giving him the opportunity to kill her); *Commonwealth v. Goldblum*, 447 A.2d 234 (Pa. 1982) (homicide victim's statement concerning business dealings with defendant admissible to prove victim's acquaintance with defendant); and *Commonwealth v. Cascardo*, 981 A.2d 245 (Pa.Super 2009) (homicide victims statements

that he intended to confront the defendant about money he invested with him admissible under the state of mind exception, despite the fact that victim did not identify the defendant in these statements by his exact first and last name).

8. Clearly, the statement of the victim in the instant case, that he was going to meet Matt Matt, made shortly before his murder, is evidence of the state of mind of the declarant's intent to meet the defendant. As such, and based on the plethora of case law cited within, the statement should be admitted at this trial under the state of mind exception as relevant and probative circumstantial evidence that the victim did meet with the defendant Matthew Ebo, evidence which will be corroborated at trial by eye witness Richard Carpenter.

In the cases cited, the victim's intent to meet the defendant was relevant to the case because it permitted the jury to conclude that the defendant had the opportunity to commit the crime in question. The same holds true in the case at bar regarding Mattox's statement to Anthony Snyder. Accordingly, the Commonwealth submits that the testimony of Anthony Snyder regarding

the victim's intention should be admitted into evidence at the within homicide trial.

9. The introduction of the statements is absolutely critical to the Commonwealth's case. Refusal by the court to allow introduction of the statements would substantially handicap the Commonwealth's presentation of its case;

10. Inasmuch as the Commonwealth has the right to appeal from an adverse ruling on the admissibility of the defendant's statements, and inasmuch as an adverse ruling could not be appealed after trial has commenced, the Commonwealth respectfully requests that the matter be decided prior to the commencement of trial. *See, e.g., Commonwealth v. Gordon*, 673 A.2d 866 (Pa. 1996) and *Commonwealth v. Beale*, 665 A.2d 473 (Pa. Super. 1995).

Respondents' Exhibit 5                                             0061

WHEREFORE, based upon the foregoing, the Commonwealth respectfully requests that this Honorable Court conduct a pretrial hearing on the admissibility of the victim's statement of intent and enter an Order permitting introduction of said statement at the trial of the above-captioned case.

Respectfully submitted,

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

By: *Steven Stadtmiller* (signature)

STEVEN M. STADTMILLER
DEPUTY DISTRICT ATTORNEY

<u>A F F I D A V I T</u>

COMMONWEALTH OF PENNSYLVANIA  :
                              :  SS:
COUNTY OF ALLEGHENY           :

BEFORE ME, the undersigned authority, personally appeared Deputy District Attorney Steven M. Stadtmiller who, being duly sworn according to law, deposes and says that the statements contained in the foregoing motion are true and correct to the best of his information, knowledge and belief.

_____
Steven M. Stadtmiller
Deputy District Attorney

SWORN TO and subscribed before me this 25th day of May, 2012.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVA.
Notarial Seal
Laura V. Delaney, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires April 25, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Respondents' Exhibit 5                                      0063

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    CRIMINAL DIVISION

VS.    CC201202820

THADDEUS CRUMBLEY

### PRELIMINARY ORDER

AND NOW, to-wit, this _____ day of _____, 2012, it is hereby ORDERED, ADJUDGED and DECREED that the Commonwealth's Motion in Limine filed in the above-captioned case shall be heard and disposed of on the _____ day of _____, 2012, at _____ (a.m.)(p.m.) before the undersigned.

BY THE COURT:

_____,J.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA          CRIMINAL DIVISION

VS.                                    CC201202820

THADDEUS CRUMBLEY

ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2012, after the presentation of evidence and legal arguments, it is hereby ORDERED, ADJUDGED and DECREED that the Commonwealth be and is hereby PERMITTED to introduce into evidence at the trial on the above captioned case the statement made to Anthony Snyder by the victim in which he states his intention to meet "Matt Matt"

BY THE COURT:

_____, J.

Respondents' Exhibit 5                                              0065

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2012, I have caused to be mailed a true and correct copy of the within motion to:

Wendy Williams, Esquire
437 Grant Street, Suite 417
Pittsburgh, PA  15219


The Honorable Beth A. Lazzara
5th Floor
Allegheny County Courthouse
Pittsburgh, PA  15219

_____
Steven M. Stadtmiller
Deputy District Attorney