

ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,

v.

THADDEUS THOMAS CRUMBLEY,
Defendant.

CRIMINAL DIVISION

CC NO.: 2012 02820

THE HONORABLE BETH LAZZARA

**DEFENDANT'S RESPONSE TO
MOTION IN LIMINE: 911 CALL**

Filed on Behalf of Defendant:
Thaddeus Thomas Crumbley

Counsel of Record for this Party:

Wendy L. Williams
PA I.D. #50379

Wendy L. Williams & Associates
The Frick Building, Suite 417
437 Grant Street
Pittsburgh, PA 15219

(412) 434-5757
(412) 434-5787 facsimile
wendy.williams.law@gmail.com



FILED
2012 JUL -3  PM 2: 48
DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

Respondents' Exhibit 18                    0139

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,            CRIMINAL DIVISION

v.                                       CC NO.: 2012 02820

THADDEUS THOMAS CRUMBLEY,                THE HONORABLE BETH LAZZARA
          Defendant.

## DEFENDANT'S RESPONSE TO MOTION IN LIMINE: 911 CALL

AND NOW comes Thaddeus Thomas Crumbley, by and through his attorney WENDY WILLIAMS, and sets forth the following:

1. The Defendant in the above captioned case was charged with Count One: Criminal Homicide, Count Two: Robbery—Inflicting Serious Bodily Injury, Count Three: Robbery of Motor Vehicle, Count Four: Possession of a Firearm Prohibited, Count Five: Firearms Not to be Carried Without a License, and Count Six: Conspiracy.

2. The Commonwealth has filed a Motion in Limine seeking to introduce a transcript of a call made to 911 soon after the alleged murder in which the caller claimed to have observed the entirety of the events and described the assailant. This caller remains unidentified.

3. The Commonwealth seeks to introduce this statement pursuant to the excited utterance and present sense impression exceptions to the hearsay rule under the Pennsylvania Rules of Evidence.

4. Hearsay is per se inadmissible except as provided in the Rules of Evidence. Pa.R.E. Rule 802, 42 Pa. Cons. Stat. Ann.

5. An excited utterance, as an exception to the hearsay rule, is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Pa.R.E., Rule 803(2), 42 Pa. Cons. Stat. Ann.

6. Defendant asserts that the Commonwealth has submitted insufficient evidence that the unidentified caller to 911 was "under the stress of excitement" at the time he made the call. Rather, the transcript of his conversation with the 911 operator suggests that he remained calm and collected throughout the conversation, precluding reliance on this hearsay exception.

2

Respondents' Exhibit 18                                      0140

7. In addition, as the Commonwealth acknowledges, hearsay, to be admissible pursuant to the excited utterance or present sense exceptions to the hearsay rule requires corroborating evidence. Commonwealth v. Hood, 872 A.2d 175 (Pa. Super. 2005).

8. In this case, the transcript of the 911 call fails to provide the requisite corroborating facts necessary to permit admission of the challenged conversation. Rather, although the caller provides the general address of "Leechburg Gardens in Penn Hills," he can offer no apartment number. He then offered a very general description of the supposed car involved – although providing no license plate number – and gave only the most ambiguous description of the assailants – one wearing a black t-shirt with some gold on it. The conversation fails to suggest that the caller was an innocent bystander, as opposed to one of those involved in the criminal event, and fails to indicate why the caller was in the area, whether he lived in the area, whether he recognized anyone at the scene, whether he was a target of the shooting, whether he knew the victim. In sum, the conversation failed to provide any indicia of reliability as to the content of the caller's comments, and failed to provide the required corroboration to prove that he truly was an innocent bystander rather than an involved party attempting to pin responsibility of Mattox' murder of Defendant. Compare with Miller v. Keating, 754 F.2d 507, 509 (3rd Cir.1985) (holding that, in negligence action arising from a vehicle accident, the admission of a statement as an excited utterance by an unidentified bystander to the effect that plaintiff "tried to cut in" was reversible error when bystander's personal knowledge of the vehicle accident could not be proven and the spontaneity of the statement was undetermined).

9. Finally, Defendant would assert that introduction of this statement against him at trial would violate his right to confront his accusers as elucidated in Crawford v. Washington, 541 U.S. 36 (2004). The Sixth Amendment to the Constitution provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."

10. Defendant recognizes that some Pennsylvania courts have suggested the rule announced in Crawford – that statements considered testimonial could come into evidence only with confrontation -- would not implicated here where the 911 call could arguably be classified as non-testimonial. Defendant respectfully disagrees with this line of cases.

11. Rather, Defendant asserts that a superior approach, which better protects a criminal suspect's constitutional rights, is that the conversation herein, where an unidentified bystander conversed with a 911 operator who was questioning him about the crime, is testimonial so as to trigger the protections of the Confrontation Clause.

12. In Lopez v. State, 888 So.2d 693 (Fla.Dist.Ct.App.2004) police were dispatched to an apartment complex to investigate a reported kidnapping and assault. Upon the officers' arrival at the scene, they encountered the alleged victim in the parking lot. When the officers asked the victim what had happened, the victim responded that a man had abducted him in his own car at gunpoint. While answering these questions, the victim was nervous and appeared upset. The victim then pointed the officers toward a

Respondents' Exhibit 18                    0141

gentleman standing approximately twenty-five yards behind him (later identified as the appellant). A short time later, the victim informed the officers that the firearm used during the abduction was located in his car. The officers located the gun and arrested the appellant. When the case was called for trial, the victim failed to appear. The trial court subsequently concluded that the victim's statements at the scene would qualify as excited utterances. At the conclusion of the trial, the jury convicted the appellant. On appeal, the court concluded that the victim's statements did constitute excited utterances. Nevertheless, the court concluded that the statements were inadmissible pursuant to *Crawford.* Specifically, it stated:

> Some of the post-*Crawford* decisions have questioned whether a statement admitted in evidence under the excited utterance exception to the hearsay rule could ever be characterized as a testimonial statement. While this argument has some appeal at least on the surface, we do not think that excited utterances can be automatically excluded from the class of testimonial statements.
>
> In our view, the findings necessary to support a conclusion that a statement was an excited utterance do not conflict with those that are necessary to support a conclusion that it was testimonial. A statement made in the excitement of a startling event is likely to be more reliable given the fact that the declarant had little time to make up a story. But, under *Crawford,* reliability has no bearing on the question of whether a statement was testimonial. Some testimonial statements are reliable and others are not.
>
> Whether a statement falls within the third category of testimonial statements identified in *Crawford* depends on the purpose for which the statement is made, not on the emotional state of the declarant. A spontaneous exclamation to a friend or family member is not likely to be regarded as testimonial. These statements [to a friend or family member] were not made to a person in authority for the purpose of accusing someone, or in the words of the Supreme Court, to "bear testimony" against someone. In contrast, a startled person who identifies a suspect in a statement made to police officer at the scene of a crime surely knows that the statement is a form of accusation that will be used against the suspect. In this situation, the statement does not lose its character as a testimonial statement merely because the declarant was excited at the time it was made.

*Lopez,* at 699-700 (internal citations omitted).

13. Like the excited utterance made to a police officer on the scene, an excited utterance made to a 911 operator does not lose its character as a testimonial statement, as it is made to a person in authority – the 911 operator – and is made for the purpose of identifying a suspect, seemingly knowing that the statement is a form of an accusation.

Respondents' Exhibit 18                                    0142

14. While some courts have suggested that an excited utterance cannot constitute testimonial hearsay, see United States v. Brun, 416 F.3d 703, 707 (8th Cir.2005); Anderson v. State, 111 P.3d 350, 354-55 (Alaska Ct.App.2005); People v. Corella, 122 Cal.App.4th 461, 18 Cal. Rptr.3d 770, 776 (2004); People v. Moscat, 777 N.Y.S.2d 875, 880 (N.Y.Crim.Ct.App. 2004); Key v. State, 173 S.W.3d 72, 76 (Tex.Ct.App.2005), Crawford itself seems to reject this notion. Referencing the facts of White v. Illinois, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992), wherein a child victim made "spontaneous declarations" to an investigating police officer, the Crawford Court characterized those statements as "testimonial," implicitly rejecting the notion that excited utterances are nontestimonial. Crawford, 541 U.S. at 58 n. 8, 124 S.Ct. 1354.

15. In People v. Cortes, 4 Misc.3d 575, 781 N.Y.S.2d 401 (2004), the government sought to introduce, in a murder case, the recording of a telephone call to 911 made by two witnesses reporting observations of the shooting. The court ruled that the tape was inadmissible at trial because it recorded a statement that was the product of "interrogation," and because, under the United States and New York State Constitutions, the statement was testimonial under a test that accommodates both the historical development of the right of confrontation and the purpose of that right. The emergency call on the 911 tape was made by a male observer who could not be located by the prosecution and was therefore unavailable for cross-examination at trial. The 911 operator asked questions about the shooter's location, description, and direction of movement, all necessary for the police to conduct their investigation. The tape shows that the caller supplied information to the 911 operator in response to the operator's questions and that he also gave relevant information before the question was asked. The court reasoned that Crawford requires that the statemtns are the product of interrogation, which simply means questioning. It added that circumstances of some 911 calls, particularly those reporting a crime, are within the definition of interrogation. The method for taking the calls falls within the definition of interrogation. Next, Crawford refers to "formal" statements. (541 US at ___, 124 S Ct at 1364.) The court wrote that the procedures in connection with the 911 calls meet the definition of formal, since they follow established procedures, rules, and patterns of information collection. In addition, callers to 911 reporting crimes are likely to know the use to which the information will be put. They often do not identify themselves because they are afraid to disclose their identities or to become involved. The court thus concluded that the circumstances in that case fell within the Supreme Court's definition of interrogation, producing a statement that is testimonial evidence and inadmissible without cross-examination. The court wrote:

> Crawford requires a reexamination of the basis for treating spontaneous declarations as admissible hearsay, including statements in a 911 call reporting a crime. Calls to 911 to report a crime are testimonial under the test set out. When a 911call is made to report a crime and supply information about the circumstances and the people involved, the purpose of the information is for investigation, prosecution, and potential use at a judicial proceeding; it makes no difference what the caller believes. . . The 911 call reporting a crime preserved on tape is the modern equivalent,

5

made possible by technology, to the depositions taken by magistrates or justices of the peace . . . Like the victims and witnesses before the King's courts an objective reasonable person knows that when he or she reports a crime the statement will be used in an investigation and at proceedings relating to a prosecution. Indeed, callers knowing how the information will be used, often refuse to disclose their identity. . . .   The 911 call in this case was for the purpose of invoking police action and the prosecutorial process. The only use of the statements was for government intervention including judicial proceedings. Under the New York Constitution, the defendant was entitled to confront his accuser.

16. See also People v. Mackey, 785 N.Y.S.2d 870 (N.Y. Crim. Ct. 2004) (considering such factors, in determining whether a statement is testimony, as (1) the formality of the setting in which the statements were made, (2) whether the statements were recorded, (3) the declarant's primary purpose in making the statements, (4) whether an objective declarant would believe those statements would be used to initiate prosecutorial action and be placed into evidence at trial, (5) the use of structured questioning, and (6) whether the declarant initiated the contact).

17. Defendant thus asserts that the unidentified caller's statement to the 911 operator was testimonial in nature: it was made to a person in authority, it was a formal statement, it was recorded, the caller likely believed that his statement would be used in a subsequent judicial proceeding, and the operator questioned him about his observations. Accordingly, Defendant contends that the unidentified caller's statement implicated his right to confrontation and thus, under Crawford, is inadmissible since he will have no opportunity to confront his accuser.

WHEREFORE, Defendant respectfully requests this Honorable Court to Deny the Commonwealth's Motion in Limine.

Respectfully Submitted,

Wendy L. Williams

6

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,          CRIMINAL DIVISION

        v.                                        CC NO.: 2012 02820

THADDEUS THOMAS CRUMBLEY,
        Defendant.

### PRELIMINARY ORDER OF COURT

AND NOW, to-wit, upon consideration of the foregoing Defendant's Response To

Motion In Limine: 911 Call; it is hereby ORDERED, ADJUDGED and DECREED that a

hearing be held on the _____ day of _____, 2012 at _____

A.M./P.M.

BY THE COURT:

_____, J.

Respondents' Exhibit 18                    0145

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,      CRIMINAL DIVISION

v.                                  CC NO.: 2012 02820

THADDEUS THOMAS CRUMBLEY,      THE HONORABLE BETH LAZZARA
Defendant.

## ORDER OF COURT

AND NOW, to-wit, this_____ day of_____, 2012 upon consideration of the foregoing Defendant's Response To Motion In Limine: 911 Call, it is hereby ORDERED, ADJUDGED, and DECREED that the Motion is hereby:

_____

_____

_____

_____

BY THE COURT:

_____, J.

Respondents' Exhibit 18             0146

## CERTIFICATE OF SERVICE

I, Wendy L. Williams, hereby certify that a true and correct copy of the within Defendant's Response To Motion In Limine: 911 Call was served in the manner indicated, this 4th day of June, 2012 upon the following:

The Honorable Beth Lazzara
509 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand-Delivery

DDA Steven Stadtmiller
c/o Allegheny County District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand-Delivery

Helen Lynch, Court Administrator
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219
Via Hand Delivery

Mr. Randall McKinney
rhm@randallmckinneylaw.com
Via Email

Mr. Thaddeus Thomas Crumbley, DOC#: 69038, Pod: 8D
c/o Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
Via U.S. Mail

Wendy L. Williams