

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

v.    CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,    THE HONORABLE BETH LAZZARA
Defendant.

**DEFENDANT'S RESPONSE TO
NOTIFICATION OF
COMMONWEALTH'S INTENTION TO
PRESENT EVIDENCE OF OTHER
CRIMES, WRONGS, OR ACTS
PURSUANT TO RULE 404(B)(2)**

Filed on Behalf of Defendant:

Thaddeus Thomas Crumbley

Counsel of Record for this Party:

Wendy L. Williams
PA ID# 50379

Wendy L. Williams & Associates
The Frick Building, Suite 417
437 Grant Street
Pittsburgh, PA 15219

(412) 434-5757
(412) 434-5787 facsimile
wendy.williams.law@gmail.com



Respondents' Exhibit 23                              0170

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

v.                                CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,         THE HONORABLE BETH LAZZARA
            Defendant.

### DEFENDANT'S RESPONSE TO NOTIFICATION OF COMMONWEALTH'S INTENTION TO PRESENT EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS PURSUANT TO RULE 404(B)(2)

AND NOW comes Thaddeus Crumbley, by and through his attorney Wendy Williams, and sets forth the following:

1. The Defendant in the above captioned case was charged with Count One: Criminal Homicide, Count Two: Robbery—Inflicting Serious Bodily Injury, Count Three: Robbery of Motor Vehicle, Count Four: Possession of a Firearm Prohibited, Count Five: Firearms Not to be Carried Without a License, and Count Six: Conspiracy.

2. The Commonwealth seeks to introduce evidence in this prosecution that on June 2, 2012, after the crime in the case at bar, which took place on May 16, 2012, Defendant was involved in a shootout during which a .40 caliber handgun was discharged in his automobile eight times. Specifically, eight .40 caliber casings were located by police in Defendant's vehicle during the investigation of the June shooting. These casings purportedly matched one of the two handguns used to shoot and kill Todd Mattox.

3. Evidence of other crimes, wrongs or bad acts is inadmissible to prove a defendant's propensity to commit the crimes for which he is being tried. P.R.E. 404(b)(1); Commonwealth v. Miller, 664 A.2d 1310 (Pa. 1995), cert. denied, 516 U.S. 1122 (1996). However, evidence of prior bad acts is admissible for other purposes, including proof of an actor's plan or proof of his identity, where the probative value of the evidence outweighs its potential for prejudice. P.R.E. 404(b)(2); (3); Commonwealth v. Rogers, 615 A.2d 55 (Pa. Super. 1992).

4. These other purposes include *inter alia*:
   (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other; or (5) the identity of the person charged with the commission of the crime on trial.
   Commonwealth v. Collins, 703 A.2d 418, 422-23 (Pa. 1997).

Respondents' Exhibit 23                                    0171

5.  Identity as to the charged crime may be proven with evidence of another crime where the separate crimes share a method so distinctive and circumstances so nearly identical as to constitute the virtual signature of the defendant. Commonwealth v. Novasak, 606 A.2d 477, 484 n. 7 (Pa. Super. 1992); McCormick, Evidence § 190 at 801-803 (4th ed. 1992). Required, therefore, "is such a high correlation in the details of the crimes that proof that a person committed one of them makes it very unlikely that anyone else committed the others." Novasak, supra.

6.  In comparing the methods and circumstances of separate crimes, a court must necessarily look for similarities in a number of factors, including:

    > (1) the manner in which the crimes were committed; (2) weapons used; (3) ostensible purpose of the crime; (4) location; and (5) type of victims. Remoteness in time between the crimes is also factored, although its probative value has been held inversely proportional to the degree of similarity between crimes.

    See Commonwealth v. Miller, 541 Pa. 531, 664 A.2d 1310, 1319 (1995); 1-404 Ohlbaum on the Pennsylvania Rules of Evidence at 404.22.

7.  Defendant asserts that there is insufficient evidence of similarity between the May and June shootings so as to allow introduction of the latter. Specifically, there is no indication that Defendant was responsible for the shooting in the June matter, but, rather, only that shell casings were found in his vehicle. It is averred that there is a paucity of evidence linking him to the June shooting.

8.  In addition, Defendant contends that the probative value of the June evidence is far outweighed by the prejudicial effect. In conducting the probative value/prejudice balancing test, courts must consider factors such as the strength of the "other crimes" evidence, the similarities between the crimes, the time lapse between crimes, the need for the other crimes evidence, the efficacy of alternative proof of the charged crime, and "the degree to which the evidence probably will rouse the jury to overmastering hostility." McCormick, Evidence § 190 at 811 (4th ed. 1992). See also Commonwealth v. Frank, 577 A.2d 609 (Pa. Super. 1990) (enumerating balancing test factors, including ability for limiting instruction to reduce prejudice).

9.  The potential for prejudice can be great when "other crimes" evidence, as here, is calculated to inflame the jury's emotions of sympathy or hostility.

10. There appears to be plenty of other evidence to prosecute Defendant and his Co-Defendant, such that excluding evidence at issue would not substantially handicap the Commonwealth.

Respondents' Exhibit 23                                                          0172

WHEREFORE, Defendant respectfully requests that this Honorable Court exclude the evidence that is contained in the Notification Of Commonwealth's Intention To Present Evidence Of Other Crimes, Wrongs, Or Acts Pursuant To Rule 404(B)(2) in the present trial.

Respectfully submitted,

_____

Wendy L. Williams

4

Respondents' Exhibit 23                                                    0173

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

v.                                    CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,
                Defendant.

## PRELIMINARY ORDER OF COURT

AND NOW, to-wit, upon consideration of the foregoing Defendant's Response To

Notification Of Commonwealth's Intention To Present Evidence Of Other Crimes, Wrongs, Or

Acts Pursuant To Rule 404(B)(2), it is hereby ORDERED, ADJUDGED and DECREED that a

hearing be held on the _____ day of _____, 2012 at _____

A.M./P.M.

BY THE COURT:

_____, J.

Respondents' Exhibit 23                                    0174

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

v.                               CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,         THE HONORABLE BETH LAZZARA
           Defendant.

## ORDER OF COURT

AND NOW, to wit, this _____ day of _____, 2012, upon

consideration of the foregoing Defendant's Response To Notification Of Commonwealth's

Intention To Present Evidence Of Other Crimes, Wrongs, Or Acts Pursuant To Rule 404(B)(2), it

is hereby ORDERED, ADJUDGED, and DECREED that:

_____

_____

_____

_____

BY THE COURT:

_____, J.

Respondents' Exhibit 23                                    0175

## CERTIFICATE OF SERVICE

I, Wendy L. Williams, hereby certify that a true and correct copy of the within Defendant's Response To Notification Of Commonwealth's Intention To Present Evidence Of Other Crimes, Wrongs, Or Acts Pursuant To Rule 404(B)(2), was served in the manner indicated, this 24th day of July, 2012 upon the following:

The Honorable Beth Lazzara
510 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

DDA Steven Stadtmiller
c/o Allegheny County District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

Helen Lynch, Court Administrator
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

Randall McKinney, Esq.
rhm@randallmckinneylaw.com
Via Email

Mr. Thaddeus Crumbley, DOC# 69038, Pod: 8D
c/o Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
Via U.S. Mail

_____
Wendy L. Williams

Respondents' Exhibit 23                                           0176