

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | CRIMINAL DIVISION |
| v. | CC NO.: 2012 02820 |
| THADDEUS THOMAS CRUMBLEY,<br>Defendant. | THE HONORABLE BETH LAZZARA |

**DEFENDANT'S REPLY TO THE COMMONWEALTH'S CITATION OF MICHIGAN V. BRYANT IN SUPPORT OF ITS MOTION IN LIMINE RELATING TO 911 CALL**

Filed on behalf of Defendant:

THADDEUS THOMAS CRUMLBEY

Counsel of record for this Party:

Wendy L. Williams
PA. I.D. #50379

Wendy L. Williams & Associates
The Frick Building, Suite 417
437 Grant Street
Pittsburgh, PA 15219

(412) 434-5757
(412) 434-5787 facsimile
wendy.williams.law@gmail.com



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| v. | CC NO.: 2012 02820 |
| THADDEUS THOMAS CRUMBLEY,<br>Defendant. | THE HONORABLE BETH LAZZARA |

**DEFENDANT'S REPLY TO THE COMMONWEALTH'S CITATION OF MICHIGAN V. BRYANT IN SUPPORT OF ITS MOTION IN LIMINE RELATING TO 911 CALL**

AND NOW comes Thaddeus Crumbley, by and through his attorney Wendy Williams, Esq., and sets forth the following:

1. Thaddeus Crumbley (hereinafter "Defendant") has been charged with one count of Criminal Homicide, one count of Robbery, one count of Robbery of a Motor Vehicle, one count of Persons not to Possess Firearms, one count of Carrying Firearm without a License, and one count of Criminal Conspiracy.

2. The Commonwealth has filed a Motion in Limine seeking to introduce a transcript of a call made to 911 soon after the alleged murder in which the caller claimed to have observed the entirety of the events and described the assailant. This caller remains unidentified.

3. The Commonwealth suggests that this statement was not testimonial and thus its admission would not run afoul of the Confrontation Clause, as Defendant set out in his previous brief.

4. The Commonwealth suggests that the issue herein is resolved by the Supreme Court's pronouncement in Michigan v. Bryant, 131 S.Ct. 1143 (2011). The Commonwealth errs.

5. In Michigan v. Bryant, at issue were statements to police made by the victim as he lay mortally wounded.

6. The Court in Michigan v. Bryant ruled that the "primary purpose of the interrogation" was "to enable police assistance to meet an ongoing emergency." Therefore, the defendant's identification and description of the shooter and the location of the shooting were deemed not to be testimonial statements, and their admission at the defendant's trial held not to violate the Confrontation Clause.

Respondents' Exhibit 24                                              0178

7. This case is not dispositive to the facts herein.

8. Most significantly, the declarant in Michigan v. Bryant was identified. In marked contrast, here, neither the police nor the 911 operators have ever identified the declarant. Relatedly, in Michigan v. Bryant, the declarant was likely to have observed his shooter and had every incentive to provide accurate information to the police so that they could capture his attacker. But here, absent any identifying knowledge of the declarant, we are left without any indicia of his reliability. We do not know if the declarant was a first-hand observer of the incidents at the heart of this case. We do not know if he was a participant in the criminal activities here. We do not know if he had a motive to lie and pin responsibility on Defendant for the shooting. We do not know if he has any mental or physical defects which would impede his ability to accurately describe what he saw. We do not know if he was still in an emergency situation or if the assailants had fully fled the scene.

9. The anonymity of the declarant herein makes it impossible to assess his intentions in contacting 911. Was he concerned about his own well-being, or that of the victim, or was he primarily focused on helping to prosecute the Defendant? Did he have a long-standing feud or past hostile interaction with the Defendant to explain his targeting Defendant to the 911 operator?

10. The Court in Michigan v. Bryant emphasized that there was an ongoing emergency at the time the police were questioning the victim in that case. But here, without having a more developed understanding of the declarant, we are left wholly in the dark as to any emergency that was still taking place at the point he called 911.

11. In addition, in Michigan v. Bryant, the declarant had been mortally wounded and thus was dying, rendering his statement arguably admissible as a dying declaration. See Justice Ginsburg dissent in Michigan v. Bryant. Like the fact that he was identified, the fact that he was dying enhanced the credibility of his statement.

12. In sum, the case of Michigan v. Bryant does not require admission of the challenged statement herein.

Hence, Defendant respectfully requests this Honorable Court to Deny the Commonwealth's Motion in Limine.

Respectfully Submitted,

Wendy L. Williams

Respondents' Exhibit 24                                                            0179

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA        CRIMINAL DIVISION

v.                                   CC NO.: 2012 02820

THADDEUS THOMAS CRUMBLEY,
    Defendant.

**PRELIMINARY ORDER OF COURT**

AND NOW, to-wit, this _____ day of _____, 2012, it is hereby ORDERED, ADJUDGED, and DECREED Defendant's Reply to the Commonwealth's Citation of <u>Michigan v. Bryant</u> in Support of its Motion in Limine Relating to 911 Call, Hearing for the ___ day of _____, 2012 at ___ o'clock ___ .m.

BY THE COURT:

_____, J

Respondents' Exhibit 24                                       0180

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| v. | CC NO.: 2012 02820 |
| THADDEUS THOMAS CRUMBLEY,<br>Defendant. | THE HONORABLE BETH LAZZARA |

## ORDER OF COURT

AND NOW, to-wit, this ____ day of _____, 2012, it is hereby ORDERED, ADJUDGED and DECREED that the Defendant's Reply to the Commonwealth's Citation of <u>Michigan v. Bryant</u> in Support of its Motion in Limine Relating to 911 Call, is:

_____

_____

_____

_____

BY THE COURT:

_____, J.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant's Reply to the Commonwealth's Citation of Michigan v. Bryant in Support of its Motion in Limine Relating to 911 Call, was served on the 26th day of July, 2012 in the manner indicated to:

The Honorable Beth Lazzara
Allegheny County Courthouse, 510
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

DDA Steven Stadtmiller
Allegheny County District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
sstadtmiller@da.allegheny.pa.us
Via Hand Delivery and Email

Court Administrator – Helen Lynch
307 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219
Via Hand Delivery

Mr. Randall McKinney
429 Forbes Avenue, Suite 1400
Pittsburgh, PA 15219
Via Hand Delivery and Email

Mr. Thaddeus Thomas Crumbley, DOC# 69038, Pod: 8D
c/o Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
Via U.S. Mail

_____
Wendy L. Williams

Respondents' Exhibit 24                                                                0182