

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | CRIMINAL DIVISION |
| v. | CC NO.: 2012 02820 |
| THADDEUS THOMAS CRUMBLEY,<br>Defendant. | THE HONORABLE BETH LAZZARA |

**OMNIBUS PRETRIAL MOTION:
MOTION TO SUPPRESS
IDENTIFICATION**

Filed on behalf of Defendant:

Thaddeus Thomas Crumbley

Counsel of record for this Party:

Wendy L. Williams
PA. I.D. #50379

Wendy L. Williams & Associates
The Frick Building, Suite 417
437 Grant Street
Pittsburgh, PA 15219

(412) 434-5757
(412) 434-5787 facsimile
wendy.williams.law@gmail.com



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     CRIMINAL DIVISION

v.     CC NO.: 2012 02820

THADDEUS THOMAS CRUMBLEY,     THE HONORABLE BETH LAZZARA
        Defendant.

### OMNIBUS PRETRIAL MOTION: MOTION TO SUPPRESS IDENTIFICATION

AND NOW, comes the Defendant, Thaddeus Thomas Crumbley, by and through his attorney Wendy L. Williams, and respectfully avers the following:

1. After previously not identifying the Defendant in a photo array following the alleged incident which occurred on May 16, 2011, a second photo array interview was held on July 24, 2012, where the witness, Saday Robinson, was shown a photo array of eight individuals, one of which was Defendant.

2. According to police reports, the witness, Saday Robinson, had previously described the actor being a light-complexioned black male.

3. The witness, Saday Robinson, was not able to identify the actor on her initial viewing or subsequent views of the photo array.

4. Only after multiple interviews were conducted, and the witness, Saday Robinson, viewed the photo array again, was the identification made on July 24, 2012, over fourteen (14) months after the alleged incident.

5. Counsel was improperly prevent from interviewing the witness, Saday Robinson, during the identification procedure on July 24, 2012 by both the Allegheny County Police Department and the prosecutors assigned to the case. The subsequent phone call to ask the witness about the prior inability to identify the Defendant and inconsistencies in her statements in which the witness was told repeatedly that she did not have to speak to Defense Counsel violates the Defendant's rights to a fair identification process and fair trial and further taints the identification process of him and any in court identification.

6. Therefore, any evidence of identification made by the witness, Saday Robinson, on July 24, 2012 should be suppressed.

Respondents' Exhibit 36     0201

7. Subsequent to viewing photo arrays and photos of the actor and the witness, Saday Robinson, being unable to identify the Defendant was subjected to media coverage on the news for the incident in question. Only after his arrest she indicated she was now sure of his identity as the actor.

8. This subsequent photograph identification of Defendant, by Saday Robinson, after multiple news broadcasts of the defendant's arrest, for the incident in question, is unduly suggestive on its own, and coupled with the earlier, description and inability to identify the Defendant or Co-Defendant.

9. "If a pre-trial photographic identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification, not only is evidence of the pre-trial identification inadmissible, but a subsequent in-court identification may also be inadmissible." Commonwealth v. McFadden, 446 A.2d 624, 627 (Pa. Super. 1982) (citing Simmons v. United States, 390 U.S. 377 (1968); Commonwealth v. Jackson, 323 A.2d 799 (Pa. Super. 1974)).

10. The improper, out-of-court identification, Saday Robinson was such as to create a substantial risk that any subsequent identification was the result of the image placed in this witness' mind from the improper identification and not the image of the actor they saw at the time of the incident. See Commonwealth v. Fowler, 352 A.2d 17 (1976).

11. "[I]dentifications made only after a witness has seen the defendant in the media might prove to be suggestive." Commonwealth v. Carter, 643 A.2d 61 (Pa. 1994).

12. These occasions, where the witness, Saday Robinson, saw Defendant being arrested in connection with this incident, are unduly suggestive and any subsequent out of court identification or in Court by the witness as to Defendant being the actor are improper and must be suppressed.

13. In view of the fact that the above identifications were improper, any subsequent identification and made in Court by the witness, Saday Robinson, would also be improper as a result of the taint created by these earlier identifications.

14. "If a pre-trial photographic identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification, not only is evidence of the pre-trial identification inadmissible, but a subsequent in-court identification may also be inadmissible." Commonwealth v. McFadden, 446 A.2d 624, 627 (Pa. Super. 1982) (citing Simmons v. United States, 390 U.S. 377 (1968), Commonwealth v. Jackson, 323 A.2d 799 (Pa. Super. 1974)).

15. Furthermore, these improper out-of-court identifications are such as to create a substantial risk that any subsequent in-court identification are the result of the image placed in these witnesses' minds from these improper identifications and not the image of the actor they saw at the time of incident. See Commonwealth v. Fowler, 352 A.2d 17 (1976).

Respondents' Exhibit 36                                                      0202

16. Thus, the Commonwealth has no independent basis sufficient to overcome the taint of the out-of-court identifications to permit any in-court identification by these witnesses.

17. The prior inability to accurately describe the Defendant in thorough, detailed descriptions deems the late identification unreliable, especially coupled with the witness's failure to identify the Defendant on at least two prior occasions.

18. The Commonwealth's explanation of why the witness could not identify the Defendant on prior occasions, closer to the incident date or accurately describe him cannot be explained and is not evident in her prior detailed descriptions or cooperative interviews where she was unable to identify the Defendant. There is no credible evidence she was afraid.

19. Here the evidence discloses Saday Robinson had a limited opportunity to view who she had called the second actor, provided only a meager description of the individual, failed to identify Defendant or Co-Defendant previously by photograph or in person, and most likely in person prior to the matter being filed on December 7, 2011, where he was arrested thereafter, was exhibited on TV and media coverage knew Defendant had been charged with the offense, subsequently discussed with a detective possible reasons why she was unable to make an identification, knew and heard another witness identify Defendant and finally identified Defendant fourteen (14) months after the incident.

20. These facts do not establish an independent basis for in-court identification, let alone one untainted by the procedure employed.

WHEREFORE, Defendant respectfully requests that following the witness, Saday Robinson's pre-trial failure to identify the Defendant after viewing photo arrays in connection with the alleged incident and the subsequent identification of the Defendant only after fourteen (14) months on July 24, 2012 after media coverage of the incident and Defendant's arrest, the July 24, 2012 identification should be suppressed and all in-court identification should be precluded.

Respectfully Submitted,

*Wendy L. Williams/omo*

Wendy L. Williams

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA       CRIMINAL DIVISION

v.                                 CC NO.: 2012 02820

THADDEUS THOMAS CRUMBLEY,
    Defendant.

### PRELIMINARY ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2012, it is hereby ORDERED, ADJUDGED, and DECREED Omnibus Pretrial Motion: Motion To Suppress Identification, Hearing for the ___ day of _____, 2012 at ___ o'clock ___ .m.

BY THE COURT:

_____, J

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Omnibus Pretrial Motion: Motion To Suppress Identification was served on the 3rd day of August, 2012 in the manner indicated to:

The Honorable Beth Lazzara
Allegheny County Courthouse, 510
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

DDA Steven Stadtmiller
Allegheny County District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
sstadtmiller@da.allegheny.pa.us
Via Hand Delivery and Email

Court Administrator – Helen Lynch
307 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

Mr. Randall McKinney
429 Forbes Avenue, Suite 1400
Pittsburgh, PA 15219
rhm@randallmckinneylaw.com
Via Email

Mr. Thaddeus Thomas Crumbley, DOC# 69038, Pod: 8D
c/o Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
Via U.S. Mail

_____
Wendy L. Williams