
ORIGINAL

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | CRIMINAL DIVISION |
| v. | CC No.: 2012 02820 |
| THADDEUS THOMAS CRUMBLEY,<br>Defendant. | THE HONORABLE BETH LAZZARA |

**MOTION IN LIMINE:
PROTECTED STATEMENTS DURING
MEDICAL TREATMENT**

Filed on Behalf of Defendant:

Thaddeus Thomas Crumbley

Counsel of Record for this Party:

Wendy L. Williams
PA ID# 50379

Wendy L. Williams & Associates
The Frick Building, Suite 417
437 Grant Street
Pittsburgh, PA 15219

(412) 434-5757
(412) 434-5787 facsimile
wendy.williams.law@gmail.com

FILED 2012 AUG 13 PM 3:06 DEPT OF COURT RECORDS CRIMINAL DIVISION ALLEGHENY COUNTY PA

Respondents' Exhibit 37                                                                 0206

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

v.    CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,    THE HONORABLE BETH LAZZARA
         Defendant.

**MOTION IN LIMINE:
PROTECTED STATEMENTS DURING MEDICAL TREATMENT**

AND NOW comes Thaddeus Thomas Crumbley, by and through his attorney Wendy L. Williams, and sets forth the following:

1. Defendant has been charged with one count of Criminal Homicide, one count of Robbery, one count of Robbery of a Motor Vehicle, one count of Persons not to Possess Firearms, one count of Carrying Firearm without a License, and one count of Criminal Conspiracy.

2. On June 2, 2011, Defendant was brought to UPMC Presbyterian Hospital in Pittsburgh after having been injured in a shooting (not the incident that precipitated the charges herein). At that Hospital, he spoke with three social workers (Mary T. Sarnese, Jacqueline E. Aramany, and Elise M. Jefferis) employed by said Hospital. That conversation was part of Defendant's medical treatment offered by the medical facility. (See Exhibits A-1-A-3.) Questions were asked as part of the Defendant's medical treatment and the Defendant was responding.

3. As such, the contents of said conversation were protected by Health Insurance Portability and Accountability Act of 1996 (hereinafter "HIPAA"), at Pub.L. No. 104-191, 110 Stat. 1936 (1996).

4. HIPAA provides for monetary fines and various terms of imprisonment for the wrongful disclosure of individually identifiable health information. 42 U.S.C. § 1320d-6. Additionally, the statute required the Secretary of Health and Human Services to promulgate privacy regulations, which are now codified at 45 C.F.R. §§ 164.500 — 164.534.

5. HIPAA includes privacy provisions that govern the use and disclosure of protected health information. See Webb v. Smart Document Solutions, LLC., 499 F.3d 1078, 1084 (9th Cir. 2007) (HIPAA emphasizes privacy, efficiency and modernization); 45 C.F.R. §§160.103 (definitions), 164.502(a) (privacy provision); see generally 42 U.S.C. § 1320d-9(b)(3) (defining HIPAA privacy regulation).

Respondents' Exhibit 37                                                                                                   0207

6. As a general rule, HIPAA prohibits disclosure of private medical data. HIPAA reads, "Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization.. . ." *Prescott v. County of Stanislaus*, 2011 WL 2119036, at 3 (E.D. Cal. May 23, 2011) (quoting 45 C.F.R. 164.508(a)). Protected information "includes all individually identifiable health information maintained or transmitted in any form." *McEvoy v. Hillsborough County*, 2011 WL 1813014, at 6 (D. N.H. May 5, 2011). "Disclosure means the release, transfer, provision of, access to or divulging in any other manner of information outside the entity holding the information," while "use means, with respect to individually identifiable health information, the sharing, employment, application, utilization, examination, or analysis of such information within an entity that maintains such information." 45 CFR § 160.103.

7. Initially, Defendant asserts that UPMC Presbyterian Hospital constitutes a "covered entity" within the meaning of HIPAA and, therefore, must comply with HIPAA and its associated regulations, as it is a health care provider. *See* 45 C.F.R. § 164.500 ("Applicability").

8. As a covered entity under HIPAA, UPMC Presbyterian Hospital may not disclose individually identifiable health information that it creates or receives unless the subject individual (herein Defendant) authorizes a release.

9. Defendant provided no release for any dissemination of his medical care in relation to his June 2, 2011 treatment at UPMC Presbyterian Hospital. The records were obtained by a search warrant dated May 23, 2012. (See Exhibits B-1-B-4.) He also does not waive any privilege made to his health care providers, including social workers (Mary T. Sarnese, Jacqueline E. Aramany, and Elise M. Jefferis).

10. In addition, the conversation between the social worker and Defendant constituted covered "health information." Health information means "any information, whether oral or recorded in any form or medium, [which may include electronic] that is created or received by health care provider[s] ... and relates to the past, present, or future physical or mental health or condition of an individual, [or] the provision of health care to an individual." 42 U.S.C. § 1320d(4); *see also* 42 U.S.C. § 1320d(6) (regarding individually identifiable health information).

11. Under certain circumstances, judicial and administrative proceedings are forums in which health information may be disclosed or disseminated pursuant to 45 C.F.R. § 164.512. The pertinent rule and regulation regarding the standard for disclosure of health information for judicial proceedings reads as follows:
    (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
    (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

Respondents' Exhibit 37                                                                 0208

    (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

        A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

        (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

        ...

    (iv) For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:

        (A) The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute; or

        (B) The party seeking the protected health information has requested a qualified protective order from such court or administrative tribunal.

45 C.F.R. § 164.512(e).

12. It is clear that none of the requirements set out in this provision were met herein which might otherwise permit disclosure of the challenged conversation between the Hospital social worker and Defendant. There was no order of a court or administrative tribunal. There was no subpoena or discovery request accompanied by the required assurance that Defendant was given notice of the request. There was no subpoena or discovery request accompanied by the required assurance that law enforcement made reasonable efforts to secure a qualified protective order.

13. The HIPAA violation herein should most reasonably result in a sanction akin to those applied in the criminal law context, namely, exclusion of the challenged material.

14. The Defendant notes he did not receive any or proper notice as required. The search warrant was not served on him (he was incarcerated in Allegheny County Jail at 950 2nd Avenue, Pittsburgh, PA 15219) at the time, the search warrant was served only on UPMC Presbyterian Hospital.

Respondents' Exhibit 37                                                                                          0209

15. Title 42 U.S.C. § 1320d-5 sets forth the "[g]eneral penalty for failure to comply with requirements and standards". However, as the Crenshaw v. MONY Life Ins. Co., 318 F. Supp. 2d 1015 (S.D. Cal. 2004) court noted, "[t]he Act does not address how to treat a HIPAA violation that occurs during discovery or trial." Crenshaw, 318 F.Supp.2d at 1030.

16. In Law v. Zuckerman, 307 F. Supp. 2d 705, 712 (Md. 2004) the court stated: "Since HIPAA does not include any reference to how a court should treat such a violation during discovery or at trial, the type of remedy to be applied is within the discretion of the Court under Fed. R. Civ. P. 37."

17. Defendant would respectfully request this Court to suppress all information flowing from the privileged conversation between Defendant and the social worker provided to him by UPMC Presbyterian Hospital, as part of Defendant's medical care there, as none of the exceptions explicit in HIPAA are applicable herein.

WHEREFORE, Defendant respectfully requests this Court to grant his Motion in Limine vis-à-vis any and all conversations that took place between Defendant and the social workers or other health care providers who treated him at UPMC Presbyterian Hospital during the period June 2, 2011 to his discharge (including Mary T. Sarnese, Jacqueline E. Aramany, and Elise M. Jefferis).

Respectfully Submitted,

*Wendy L. Williams/amo*

Wendy L. Williams

Respondents' Exhibit 37                                                      0210



UPMC Presbyterian
200 Lothrop Street
Pittsburgh, Pennsylvania 15213-2582

Patient Name: CRUMBLEY, THADDEUS
Date of Birth:
Financial Number:

**Social Work Progress Note Form**

```
                          information, message left on
                          voicemail Sw will await a return call.
```

Result Status:                          Final
Sign Information:

```
        Social Work Progress Note Form
        06/02/11 09:35 am Performed by SARNESE, MARY T
        Entered on 06/02/11 09:36 am

Progress Note
--------------
SW Progress Note              Det Costa called and Sw provided
                              informaiton on pt's wife's name and
                              number, as Det. reqeusted.
```

Result Status:                          Final
Sign Information:

```
        Social Work Progress Note Form
        06/02/11 10:29 am Performed by SARNESE, MARY T
        Entered on 06/02/11 10:33 am

Progress Note
--------------
SW Progress Note              ED SW received a call from male
                              identifying self to be  Larry 412-773-
                              0453, with password JUNE,  caller
                              requesting to be directed to pt.
                              SW with call to UnIt, police(
                              squirrel HIll Zone 4 police,) now
                              reported  to be on guard, and family
                              not permitted,
                              Caller informed no information
                              available.
                              SW with report  to triage , pt not
                              permittted visitors, password does
                              not apply in this case.
```

Result Status:                          Final
Sign Information:

ELECTRONIC PRINTOUT: ALL MODIFICATIONS MUST BE MADE INTO THE SOURCE SYSTEM

Page 311 of 313                          Report Request ID:  11055833
                                         Date/Time Printed:  5/23/2012 14:02 EDT

Exhibit A-1

Respondents' Exhibit 37                                              0211



UPMC Presbyterian
200 Lothrop Street
Pittsburgh, Pennsylvania 15213-2582

Patient Name: CRUMBLEY, THADDEUS
Date of Birth:
Financial Number: 

### Social Work Progress Note Form

Social Work Progress Note Form
06/02/11 03:49 pm Performed by ARAMANY, JACQUELINE E
Entered on 06/02/11 03:51 pm

**Progress Note**

SW Progress Note

pt screened positive for ETOH, unable to assess pt intubated.  pt has a guard in front of his rm.  spoke with guard officer E. Wright.  he reports that family is not allowed to know where he is, and pt is not allowed a phone in his rm.

Result Status:           Final
Sign Information:

Social Work Progress Note Form
06/05/11 10:35 am Performed by JEFFERIS, ELISE M
Entered on 06/05/11 10:46 am

**Progress Note**

SW Progress Note

Sw met with patient for etoh and safety talk.  Patient is married AAM who lives with wife and 4 children (3 sons & 1 dtr) ages 15 yrs. to 3 years.  Patient does not work.  He denies having a drinking problem.  He states he has less than half can of beer on eve of event.  He was in car when someone loaded multiple shots into his side.  In that he was the only one hit of several occupants in car, he thinks he may have been the target.  He denies being aware of assailant or why he was shot at.  He denies that etoh had any affect on situaiton.  BAL 68.

Patient states this is the 3rd time he has been victim of GSW.  Patient voices awareness of One Vision One Life, but is unaware of what they do.  SW educated patient to purpose of OVOL and offered pamphlet

ELECTRONIC PRINTOUT: ALL MODIFICATIONS MUST BE MADE INTO THE SOURCE SYSTEM

Page 312 of 313                     Report Request ID:   11055833
                                    Date/Time Printed:   5/23/2012 14:02 EDT

Exhibit A-2

**Respondents' Exhibit 37**                              **0212**

**UPMC**

UPMC Presbyterian
200 Lothrop Street
Pittsburgh, Pennsylvania 15213-2582

Patient Name: CRUMBLEY, THADDEUS
Date of Birth:
Financial Number:

### Social Work Progress Note Form

on OVOL as well as victim of violent crime information. Patient very appreciative of SW visit, invited back saying that this is his only visit from person other than police in 3 days. He wants to speak with his wife or mother. SW explained that the rules are made by Agh Jail, not SW and we are required to follow. Patient did say his mother recently retired from a Social work position with a local youth Agency.

ELECTRONIC PRINTOUT: ALL MODIFICATIONS MUST BE MADE INTO THE SOURCE SYSTEM

Page 313 of 313

Report Request ID: 11055833
Date/Time Printed: 5/23/2012 14:02 EDT

Exhibit A-3

Respondents' Exhibit 37                                    0213

# APPLICATION FOR SEARCH WARRANT AND AUTHORIZATION

**COUNTY OF Allegheny**

| Docket Number (Issuing Authority): | Police Incident Number: CCR# 4155-11 | Warrant Control Number: |
|---|---|---|

| Anthony Perry | Allegheny County Police | 412.473.1316 | May 23, 2012 |
|---|---|---|---|
| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED** (Be as specific as possible):

All of Thaddeus Crumbley's (DOB: ▇▇▇▇ SSN: ▇▇▇▇) medical records from U.P.M.C. Presbyterian Hospital covering the period June 02, 2011 until his discharge.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED** (Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):

U.P.M.C. Presbyterian Hospital Medical Records Department

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED** (If proper name is unknown, give alias and/or description):

U.P.M.C. Presbyterian Hospital Medical Records Department

**VIOLATION OF** (Describe conduct or specify statute): PA 18 2501(a) Criminal Homicide

**DATE(S) OF VIOLATION:** May 16, 2011

☒ Warrant Application Approved by District Attorney – DA File No. _____
(If DA approval required per Pa.R.Crim.P. 201(1) with assigned File No. per Pa.R.Crim.P. 507)

☐ Additional Pages Attached (Other than Affidavit of Probable Cause)

☐ Probable Cause Affidavit(s) MUST be attached (unless sealed below) Total number of pages: ____

TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED.

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above.

| Signature of Affiant | Agency or Address if private Affiant: Allegheny County Police | Badge Number: 499 |
|---|---|---|

Sworn to and subscribed before me this 23 day of May, 12. Mag. Dist. No. _____

(SEAL)

Signature of Issuing Authority    Office Address

**SEARCH WARRANT TO LAW ENFORCEMENT OFFICER:**

WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☒ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*

☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than: **

10:55 P M, o'clock  5-25  R

* The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 205(4).
** If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 206(7).

Issued under my hand this 23 day of May, 12 at 10:55 P M, o'clock.

(SEAL)

Signature of Issuing Authority    Mag. Dist. or Judicial Dist. No.    Date Commission Expires:

Title of Issuing Authority: ☒ District Justice ☐ Common Pleas Judge ☐ _____

☐ For good cause stated in the affidavit(s) the Search Warrant Affidavit(s) are sealed for  2  days by my certification and signature. (Pa.R.Crim.P. 211)

5-23-12 (Date) (SEAL)

Signature of Issuing Authority (Judge of the Court of Common Pleas or Appellate Court Justice or Judge).

AOPC 410A-01

Exhibit B-1

Respondents' Exhibit 37          0214

**Commonwealth of Pennsylvania**

**AFFIDAVIT OF PROBABLE CAUSE**

**COUNTY OF Allegheny**

| Docket Number (Issuing Authority): | Police Incident Number: CCR# 4155-11 | Warrant Control Number: |

**PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

Your affiant, Anthony Perry, is a Detective with the Allegheny County Police Department, currently assigned to the Homicide Section. Your affiant is a law enforcement officer of the Commonwealth of Pennsylvania within the meaning of Section 5702 of the Pennsylvania Crimes Code and, as such, is empowered to make arrests for criminal offenses enumerated therein. Your affiant has more than 19 years of law enforcement experience as a police officer, of which, your affiant has spent the last 5 years assigned to the Allegheny County Police Homicide Section.

All of the information contained in this affidavit of probable cause was learned either directly by your affiant, from witness statements, and/or from other law enforcement personnel involved with this investigation. Anyone providing information contained in this affidavit of probable cause will be available to testify at any and all court proceedings arising from the issuance of this process.

On June 02, 2011 at approximately 1:28 am, Swissvale Police received a report of shots fired at the rear of 2121 Milligan Avenue Swissvale, PA 15218. Swissvale Police responded to the rear of 2121 Milligan Avenue and discovered a 2011 Kia Sorento SUV with Pennsylvania Registration HPY-9491. The SUV had obvious ballistic damage, both entrance and exit ballistic damage was observed on the vehicle.

Swissvale Police also observed that the interior driver's side compartment of the SUV contained a large amount of what appeared to be blood. What appeared to be blood was also observed on and around the exterior of the vehicle. Swissvale Police followed a suspected blood trail from the vehicle to an apartment which was eventually found to be unoccupied. Swissvale Police located, approximately one block away, a shooting victim, who was identified as Thaddeus Crumbley walking along a street. Crumbley was treated and transported by Eastern Area E.M.S. to U.P.M.C. Presbyterian Hospital.

Swissvale Police contacted Allegheny County 911 to request the investigative assistance of the Allegheny County Police Homicide Section. Detective Lewis Ferguson, Detective Gregory Matthews, Detective Patrick Kinavey, and Detective Steven Hitchings responded to the scene. Detective Venerando Costa responded to U.P.M.C. Presbyterian Hospital.

Scientists from the Allegheny County Medical Examiner's Office Mobile Crime Unit responded to the scene to assist with scene and vehicle processing. While processing the Sorento, Scientists recovered spent 9mm and .40 caliber casings from inside the vehicle. The .40 caliber casings were examined by Scientists at the Allegheny County Medical Examiner's Office and were found to match the .40 caliber casings collected at the crime scene where Todd Mattox was murdered by gun shots on May 16, 2011. This indicates that the .40 caliber handgun fired in the shooting death of Todd Mattox two weeks earlier had also been fired in the vehicle in which Thaddeus Crumbley was shot and injured on June 02, 2011.

Outside of the Sorento and adjacent to the driver's side door, Scientists recovered a Ruger 9mm pistol (serial number #303-81958) with suspected blood on it. DNA analysis of blood found on the 9mm handgun matched Crumbley's DNA. A brown baseball hat with the letters "SD" on the front of it was collected from the ground next to the Ruger pistol. The hat had what appeared to be blood on it.

AOPC 410B-10-24-98

Exhibit B-2

Respondents' Exhibit 37                              0215

Based upon the above mentioned facts, your affiant believes there exists probable cause to request that a search warrant be issued authorizing the release of all of Thaddeus Crumbley's (DOB: ███ SSN: ███ medical records from U.P.M.C. Presbyterian Hospital covering the period June 02, 2011 until his discharge. These medical records are essential to determine the cause and extent of Crumbley's injuries and to provide evidence of his injuries.

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| Affiant Signature | Date 05/23/12 | Issuing Authority Signature | Date 5-23-12 | (SEAL) |

Page 2 of 2 Pages

# Commonwealth of Pennsylvania — RECEIPT / INVENTORY OF SEIZED PROPERTY

**COUNTY OF Allegheny**

| Docket Number (Issuing Authority): | Police Incident Number: CCR# 4155-11 | Warrant Control Number: |
|---|---|---|
| Date of Search: May 24, 2012 | Time of Search: 1:35 pm | Inventory Page Number: 1 of 1 Pages |
| Detective Anthony Perry (Affiant) | Allegheny County Police (Agency or Address if private affiant) | 499 (Badge No.) |

The following property was taken / seized and a copy of this Receipt / Inventory with a copy of the Search Warrant and affidavit(s) (if not sealed) was
☒ personally served on (name of person) __Kim Yocum__
☐ was left at (describe the location) _____

| Item Number | Quantity | Item Description | Make, Model, Serial No., Color, etc. |
|---|---|---|---|
| | 1 | Medical Records of Thaddeus Crumbley | Nothing's Receipted on |

I/we do hereby state that this inventory is to the best of my/our knowledge and belief a true and correct listing of all items seized, and that I/we sign this Receipt / Inventory subject to the penalties and provisions of Title 18 Pa.C.S. 4904(b)--Unsworn Falsification to Authorities.

| Signature of person Issuing Receipt / Inventory | Printed Name: Anthony Perry | Affiliation: A.C.P.D. | Badge or Title: 499 |
|---|---|---|---|
| Signature of Witness: Kimberly Yocum | Printed Name: Kimberly Yocum | Affiliation: | Badge or Title: |
| Signature of person making Search | Printed Name: Anthony Perry | Affiliation: A.C.P.D. | Badge or Title: 499 |

AOPC 413B 12-09-98

Exhibit B-4

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

v.    CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,
    Defendant.

### PRELIMINARY ORDER OF COURT

AND NOW, to-wit, upon consideration of the foregoing Motion in Limine: Protected Statements During Medical Treatment; it is hereby ORDERED, ADJUDGED and DECREED that a hearing be held on the _____ day of _____, 2012 at _____ A.M./P.M.

BY THE COURT:

_____, J.

Respondents' Exhibit 37                                              0218

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

v.                               CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,        THE HONORABLE BETH LAZZARA
Defendant.

## ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2012, it is hereby

ORDERED, ADJUDGED, AND DECREED that the Motion in Limine: Protected Statements During Medical Treatment on the above captioned case is hereby:

_____

_____

_____

_____

BY THE COURT:

_____, J.

## CERTIFICATE OF SERVICE

I, Wendy L. Williams, hereby certify that a true and correct copy of the within Motion in Limine: Protected Statements During Medical Treatment was served in the manner indicated, this 13th day of August, 2012 upon the following:

The Honorable Beth Lazzara
510 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

DDA Steven Stadtmiller
c/o Allegheny County District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

Helen Lynch, Court Administrator
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

Randall McKinney, Esq.
rhm@randallmckinneylaw.com
Via Email

Mr. Thaddeus Thomas Crumbley, DOC# 69038, Pod: 8D
c/o Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
Via U.S. Mail

_____
Wendy L. Williams

Respondents' Exhibit 37                                         0220