

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | CRIMINAL DIVISION |
| v. | CC No.: 2012 02820 |
| THADDEUS THOMAS CRUMBLEY,<br>Defendant. | THE HONORABLE BETH LAZZARA |

**MOTION IN LIMINE:**
**RUGER HANDGUN**

Filed on Behalf of Defendant:

Thaddeus Thomas Crumbley

Counsel of Record for this Party:

Wendy L. Williams
PA ID# 50379

Wendy L. Williams & Associates
The Frick Building, Suite 417
437 Grant Street
Pittsburgh, PA 15219

(412) 434-5757
(412) 434-5787 facsimile
wendy.williams.law@gmail.com

Respondents' Exhibit 38                                                                 0221

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

v.    CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,    THE HONORABLE BETH LAZZARA
    Defendant.

### MOTION IN LIMINE: RUGER HANDGUN

    AND NOW comes Thaddeus Thomas Crumbley, by and through his attorney Wendy L. Williams, and avers the following:

1. Defendant has been charged with one count of Criminal Homicide, one count of Robbery, one count of Robbery of a Motor Vehicle, one count of Persons not to Possess Firearms, one count of Carrying Firearm without a License, and one count of Criminal Conspiracy.

2. The Commonwealth seeks to introduce evidence in this prosecution that on June 2, 2011, after the crime in the case at bar, which took place on May 16, 2011, Defendant was a victim in a shootout during which a Ruger handgun was found next to or "near" the vehicle he was shot in, which handgun purportedly had traces of Defendant's blood and DNA on it. The gun was laying in an alleyway where the vehicle came to rest, some distance from the initial shooting.

3. This gun has no connection to the offenses comprising the case at bar. As such, the Ruger is irrelevant to this case and there is no evidentiary basis for admitting it or any reference to it. The Court has previously ruled the June 2, 2011 incident is admissible for purposes of identity of Defendant only (See Exhibit A—Order).

4. This testimony as to the Ruger handgun does not further the "identity" of the Defendant.

5. The Commonwealth could introduce testimony that the Defendant's blood and DNA was found at the scene on June 2, 2011 without introducing evidence of the unrelated Ruger handgun. The Defendant was taken on June 2, 2011 via ambulance from the scene in Swissvale where his blood and DNA were found to UPMC Presbyterian Hospital. Introducing the Ruger handgun as the source of the blood/DNA evidence is far more prejudicial than probative. There is also no evidence or information in Discovery or proffered lab reports as to where on the Ruger the blood/DNA was swabbed from. (See Exhibit B-1-B-4).

Respondents' Exhibit 38    0222

6. Evidence of other crimes, wrongs or bad acts is inadmissible to prove a defendant's propensity to commit the crimes for which he is being tried. P.R.E. 404(b)(1); Commonwealth v. Miller, 664 A.2d 1310 (Pa. 1995), cert. denied, 516 U.S. 1122 (1996). However, evidence of prior bad acts is admissible for other purposes, including proof of an actor's plan or proof of his identity, where the probative value of the evidence outweighs its potential for prejudice. P.R.E. 404(b)(2); (3); Commonwealth v. Rogers, 615 A.2d 55 (Pa. Super. 1992).

7. These other purposes include *inter alia* "(1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other; or (5) the identity of the person charged with the commission of the crime on trial." Commonwealth v. Collins, 703 A.2d 418, 422-23 (Pa. 1997).

8. Identity as to the charged crime may be proven with evidence of another crime where the separate crimes share a method so distinctive and circumstances so nearly identical as to constitute the virtual signature of the defendant. Commonwealth v. Novasak, 606 A.2d 477, 484 n. 7 (1992); McCormick, Evidence § 190 at 801-803 (4th ed. 1992). Required, therefore, "is such a high correlation in the details of the crimes that proof that a person committed one of them makes it very unlikely that anyone else committed the others." Novasak, supra.

9. In comparing the methods and circumstances of separate crimes, a court must necessarily look for similarities in a number of factors, including: (1) the manner in which the crimes were committed; (2) weapons used; (3) ostensible purpose of the crime; (4) location; and (5) type of victims. Remoteness in time between the crimes is also factored, although its probative value has been held inversely proportional to the degree of similarity between crimes. See Commonwealth v. Miller, 664 A.2d 1310, 1319 (Pa. 1995); 1-404 Ohlbaum on the Pennsylvania Rules of Evidence at 404.22.

10. Defendant asserts that there is insufficient evidence of similarity between the May and June shootings so as to allow introduction of an unrelated gun (the Ruger) used in the latter. Specifically, there is no indication that Defendant was responsible for the shooting in the June matter, but, rather, only that shell casings were found in his vehicle and a gun with his blood found outside of his vehicle. The Defendant was not charged with any crimes arising out of this, being the **victim** of the June 2, 2011 shooting.

11. In addition, Defendant would assert that the June matter, being a subsequent not a prior bad act, does not fall within the ambit of Rule 404(b).

12. In addition, Defendant contends that the probative value of the June evidence is far outweighed by the prejudicial effect. In conducting the probative value/prejudice balancing test, courts must consider factors such as the strength of the "other crimes" evidence, the similarities between the crimes, the time lapse between crimes, the need for the other crimes evidence, the efficacy of alternative proof of the charged crime, and "the degree to which the evidence probably will rouse the jury to overmastering hostility."

Respondents' Exhibit 38                                                                       0223

McCormick, Evidence § 190 at 811 (4th ed. 1992). See also Commonwealth v. Frank, 577 A.2d 609 (Pa. Super. 1990) (enumerating balancing test factors, including ability for limiting instruction to reduce prejudice).

13. The potential for prejudice can be great when "other crimes" evidence, as here, is calculated to inflame the jury's emotions of sympathy or hostility.

14. The June shooting evidence would unnecessarily make Defendant appear to have a propensity for being involved in gun violence, and it is unfair to characterize the Defendant as anything but a **victim** in the June 2, 2011 incident.

15. Further, Defendant has substantial doubts that excluding evidence of the Ruger handgun would substantially handicap the Commonwealth's prosecution in this case, as it appears to have plenty of other evidence by which to prosecute Defendant.

WHEREFORE, Defendant respectfully requests this Court to grant his Motion in Limine to exclude evidence of the Ruger firearm found at the June 2, 2011 shooting scene.

Respectfully Submitted,

Wendy L. Williams /cmo

Wendy L. Williams

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,   CRIMINAL DIVISION

v.                                CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,        THE HONORABLE BETH LAZZARA
             Defendant.

RECEIVED JUL 31 2012

**ORDER OF COURT**

AND NOW, to wit, this 27th day of July, 2012, upon consideration of the foregoing Defendant's Response To Notification Of Commonwealth's Intention To Present Evidence Of Other Crimes, Wrongs, Or Acts Pursuant To Rule 404(B)(2), it is hereby ORDERED, ADJUDGED, and DECREED that:

The Commonwealth's Motion to present evidence of Defendant Thaddeus Crumbley's actions on June 2, 2011 are granted. The Commonwealth may present such evidence as it relates to the issue of identity

BY THE COURT:

[signature]

Exhibit A



# COUNTY OF ALLEGHENY
## OFFICE OF THE MEDICAL EXAMINER

1520 PENN AVENUE • PITTSBURGH, PENNSYLVANIA 15222
PHONE (412) 350-4800
EMAIL Webmaster.me@county.allegheny.pa.us

ASCLD/Lab Accredited Lab
Since 2008

KARL E. WILLIAMS, M.D., M.P.H.
MEDICAL EXAMINER

ABDULREZAK SHAKIR, M.D.
DEPUTY MEDICAL EXAMINER

ROBERT HUSTON
DIRECTOR DIVISION OF LABORATORI

# CONFIDENTIAL
## REPORT OF LABORATORY FINDINGS

Submitted herewith please find the confidential report of the results of this laboratory's examination conducted in connection with the following case:

**Lab Case No:** 11LAB04708 Report #8: Assault
**Case Name:** Thaddeus Crumbley
**Report Date:** January 23, 2012

**Agency:** Allegheny County Police
**Agency Case No.** 11-0537
**Case Officer:** Det Hitchings

**Victim(s)**
Thaddeus Crumbley III

**The Crime Lab User Fee:** $4,000.00

## IMPORTANT NOTICE

The Division of Laboratories must be notified when an OTN becomes available for the suspect(s) / defendant(s) in this case.
Please call (412) 350-4800 or FAX (412) 350-3861 this information immediately.

* * * * * * *

Unless special arrangements have been made, THE EVIDENCE MUST BE REMOVED WITHIN 10 DAYS of the above date or DISPOSAL OF THE EVIDENCE MAY RESULT.

Report Page 1 of 4

Initials ___

Exhibit B-1

Respondents' Exhibit 38      0226

# ALLEGHENY COUNTY OFFICE OF THE MEDICAL EXAMINER
## DIVISION OF LABORATORIES

Agency Case No:  11-0537              Laboratory Case No:  11LAB04708
Case Name:       Thaddeus Crumbley                         Report #8

### Report of PCR-STR Analysis

**Items Received:**
The following items were submitted:

| Extract | Item # | Description |
|---|---|---|
| 1104708_9A1A | 9A1 | Bloodstain from Ruger handgun |
| 1104708_17A1 | 17A | Buccal sample of Thaddeus Crumbley |

**Results:**
DNA was isolated from the items listed above. DNA from each of the items was amplified using PCR technology and typed for Amelogenin and the following 15 genetic loci: D3S1358, TH01, D21S11, D18S51, Penta E, D5S818, D13S317, D7S820, D16S539, CSF1PO, Penta D, vWA, D8S1179, TPOX and FGA. The PowerPlex® 16 System was used in the analysis. The types detected for each sample can be found in the attached table.

**Conclusions:**
*Bloodstain from Ruger handgun*
The DNA profile obtained from the bloodstain from the Ruger handgun matched the DNA profile obtained from the reference sample of Thaddeus Crumbley.

The probability of randomly selecting an unrelated individual from the Caucasian, Negroid, or Hispanic populations whose DNA profile matches the DNA profile obtained from the bloodstain from the Ruger handgun is approximately:

| Database | Frequency |
|---|---|
| Caucasian | 1 in 55 x $10^{24}$ |
| Negroid | 1 in 26 x $10^{18}$ |
| Hispanic | 1 in 117 x $10^{21}$ |

**CODIS Eligibility**
The following sample has met eligibility requirements, will be entered into the CODIS database, and searched on a weekly basis:

1004708_9A1A: Bloodstain from Ruger handgun

The following sample has **not** met eligibility requirements and will **not** be entered into the CODIS database:

1004708_17A1: Buccal sample of Thaddeus Crumbley

Report Page 2 of 4                Exhibit B-2                Initials ____

Respondents' Exhibit 38                                      0227

# ALLEGHENY COUNTY OFFICE OF THE MEDICAL EXAMINER
## DIVISION OF LABORATORIES

**Agency Case No:** 11-0537  
**Case Name:** Thaddeus Crumbley  
**Laboratory Case No:** 11LAB04708  
**Report #8**

**Disposition of Evidence:**

The evidence samples processed for DNA analysis and sample extracts will be retained in this laboratory in the absence of further direction.

Respectfully submitted,

*Sara E. Bitner*

Sara E. Bitner  
Scientist

## ALLEGHENY COUNTY OFFICE OF THE MEDICAL EXAMINER
### DIVISION OF LABORATORIES

Agency Case No:   11-0537              Laboratory Case No:   11LAB04708
Case Name:        Thaddeus Crumbley                          Report #8

### PowerPlex® 16 Table

| Extract | Item | Description | D3S1358 | TH01 | D21S11 | D18S51 | Penta E |
|---|---|---|---|---|---|---|---|
| 1104708_9A1A | 9A1 | Bloodstain from Ruger handgun | 15, 16 | 7, 9 | 30, 31 | 14, 16 | 9, 15 |
| 1104708_17A1 | 17A | Buccal sample of Thaddeus Crumbley | 15, 16 | 7, 9 | 30, 31 | 14, 16 | 9, 15 |

| Extract | Item | Description | D5S818 | D13S317 | D7S820 | D16S539 | CSF1PO | Penta D |
|---|---|---|---|---|---|---|---|---|
| 1104708_9A1A | 9A1 | Bloodstain from Ruger handgun | 12 | 11, 12 | 8, 9 | 9, 10 | 8, 12 | 8 |
| 1104708_17A1 | 17A | Buccal sample of Thaddeus Crumbley | 12 | 11, 12 | 8, 9 | 9, 10 | 8, 12 | 8 |

| Extract | Item | Description | Amelogenin | vWA | D8S1179 | TPOX | FGA |
|---|---|---|---|---|---|---|---|
| 1104708_9A1A | 9A1 | Bloodstain from Ruger handgun | X, Y | 15, 16 | 15, 16 | 9, 11 | 24 |
| 1104708_17A1 | 17A | Buccal sample of Thaddeus Crumbley | X, Y | 15, 16 | 15, 16 | 9, 11 | 24 |

Results do not reflect intensity differences.  Allele frequencies compiled from Pennsylvania State Police Database STR3.

Report Page 4 of 4                 Exhibit B-4                              Initials ___

Respondents' Exhibit 38                                                     0229

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,   CRIMINAL DIVISION

v.   CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,
    Defendant.

## PRELIMINARY ORDER OF COURT

AND NOW, to-wit, upon consideration of the foregoing Motion in Limine: Ruger Handgun; it is hereby ORDERED, ADJUDGED and DECREED that a hearing be held on the _____ day of _____, 2012 at _____ A.M./P.M.

BY THE COURT:

_____, J.

Respondents' Exhibit 38                                            0230

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,   CRIMINAL DIVISION

v.   CC No.: 2012 02820

THADDEUS THOMAS CRUMBLEY,   THE HONORABLE BETH LAZZARA
    Defendant.

## ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2012, it is hereby ORDERED, ADJUDGED, AND DECREED that the Motion in Limine: Ruger Handgun on the above captioned case is hereby:

_____

_____

_____

_____

BY THE COURT:

_____, J.

Respondents' Exhibit 38                                                          0231

## CERTIFICATE OF SERVICE

I, Wendy L. Williams, hereby certify that a true and correct copy of the within Motion in Limine: Ruger Handgun was served in the manner indicated, this 13th day of August, 2012 upon the following:

The Honorable Beth Lazzara
510 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

DDA Steven Stadtmiller
c/o Allegheny County District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

Helen Lynch, Court Administrator
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

Randall McKinney, Esq.
rhm@randallmckinneylaw.com
Via Email

Mr. Thaddeus Thomas Crumbley, DOC# 69038, Pod: 8D
c/o Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
Via U.S. Mail

_Wendy L. Williams/pmo_
Wendy L. Williams

Respondents' Exhibit 38                                                                           0232