IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THADDEUS CRUMBLEY,
               Petitioner,

          V.                        CIVIL ACTION NO. 23-1575

MARK ROBERTS, *et al.*,
               Respondents.

                        ELECTRONICALLY FILED

**RESPONDENTS' SUR-REPLY IN OPPOSITION TO
PETITION FOR WRIT OF HABEAS CORPUS**

AND NOW, to-wit this 16th day of February, 2024, comes the Commonwealth of Pennsylvania by its attorneys STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, Pennsylvania, and SAMANTHA R. BENTLEY, Assistant District Attorney, and in answer to the above-captioned Petition for Writ of Habeas Corpus, respectfully shows:

On August 31, 2023, Petitioner filed a Petition for Writ of Habeas Corpus. (ECF No. 2). On December 18, 2023, Respondents filed an Answer to Petition for Writ of Habeas Corpus. (ECF No. 11). On January 17, 2024, Petitioner filed a Reply Memorandum in Support of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 14). Respondents were subsequently ordered to file a sur-reply on or before February 16, 2024. (ECF No. 15). Respondents' sur-reply follows.

Each of Petitioner's claims, excluding claim 3, are procedurally defaulted. Petitioner's Reply addressed Respondents' arguments regarding his procedurally defaulted claims. (ECF No. 14 at 5-8). Petitioner argues he can demonstrate cause and

prejudice to overcome each of his procedurally defaulted claims.[1] Respondents will address Petitioner's arguments below.

## PROCEDURAL DEFAULT

"Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). This includes the doctrine of procedural default, which "prohibits federal courts from reviewing a state court decision involving a federal question if the state court decision is based on a rule of state law that is independent of the federal question and adequate to support the judgment." *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007).

A habeas petitioner may overcome procedural default if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Cause exists where a habeas petitioner "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice exists where a habeas petitioner demonstrates that the error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170

---

[1] Petitioner conceded Respondents' analysis of claim 8 was correct and withdrew the claim. (ECF No. 14 at 30-31). The instant sur-reply will not address that claim.

(1982)). The mere possibility of prejudice is insufficient. *Id.*

In certain circumstances, the ineffective assistance of collateral review counsel may establish cause to overcome a procedurally defaulted claim. *Martinez*, 566 U.S. at 9. Where state law requires claims of ineffective assistance of trial counsel to be "raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[2] *Id.* at 17. Thus, pursuant to *Martinez*, "counsel's failure to raise an ineffective assistance claim on collateral review may excuse a procedural default if: '(1) collateral attack counsel's failure itself constituted ineffective assistance of counsel under *Strickland*, and (2) the underlying ineffective assistance claim is a substantial one.'" *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 237-38 (3d Cir. 2017) (quoting *Glenn v. Wynder*, 743 F.3d 402, 409-10 (3d Cir. 2014)).

Under *Strickland*, a petitioner must prove collateral appeal counsel's "representation fell below an objective standard of reasonableness" and that counsel's conduct prejudiced Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A petitioner must also demonstrate that the underlying ineffective assistance claim is a substantial one, meaning "the claim has some merit." *Martinez*, 566 U.S. at 14 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). The *Martinez* Court "suggest[ed] that we apply

---

[2] Pennsylvania law requires claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding pursuant to the Post Conviction Relief Act. 42 Pa. C.S. § 9543(2)(ii); *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) ("We now hold that, as a general rule, a petition should wait to raise claims of ineffective assistance of trial counsel until collateral review.") (abrogated by *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) on other grounds).

the standard for issuing certificates of appealability in resolving the inquiry into what constitutes a substantial claim." *Bey,* 856 F.3d at 238. *Miller-El* held a certificate of appealability should be granted when a habeas petitioner demonstrates "a substantial showing of the denial of a constitutional right." 537 U.S. at 327 (citing 28 U.S.C. § 2253(c)(2)). A habeas petitioner satisfies this standard where he demonstrates "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 327. "Thus, whether a claim is 'substantial' is a 'threshold inquiry' that 'does not require full consideration of the factual or legal bases adduced in support of the claims.'" *Bey*, 856 F.3d at 238 (quoting *Miller-El*, 537 U.S. at 327, 336).

With respect to *Martinez* hearings, the Supreme Court in *Shinn v. Ramirez* held that a habeas court "may not consider [new] evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied." 596 U.S. 366, 389 (2022). The Third Circuit has since clarified that the proper procedure to determine whether to excuse a petitioner's procedural default is to first "decide whether an underlying ineffectiveness claim succeeds considering only the state court record[.]" *Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 724 (3d Cir. 2022). If it does not, "federal courts should deny relief without more." *Id.*

## ANLAYSIS OF HABEAS CLAIMS

Respondents incorporate the arguments made in its Answer and supplement those arguments with the following. Each of Petitioner's claims, excluding claim 3, are procedurally defaulted. Petitioner argues cause exists to overcome each of his procedurally defaulted claims under *Martinez*. (ECF No. 14 at 5-8). He further avers

counsel's ineffectiveness is apparent based solely on the state court record.

For the reasons that follow, *Martinez* does not constitute cause to overcome Petitioner's procedurally defaulted claims. His underlying ineffectiveness claims do not succeed considering only the state court record. Petitioner failed to develop the facts necessary to support the merits of his claims in state court. AEDPA does not allow him to develop those facts in federal court, through an evidentiary hearing, or otherwise. Based on the closed state record, PCRA counsel was not ineffective and Petitioner's underlying claims are not substantial. Petitioner failed to establish cause and prejudice to overcome his procedurally defaulted claims, and thus, habeas relief should be denied.

## I.   Claim 1 is procedurally defaulted and *Martinez* does not excuse the default

As explained in Respondents' Answer, this claim is procedurally defaulted and meritless. (ECF No. 11 at 40-66). Petitioner's Reply argues he satisfies cause for this defaulted claim under *Martinez* because PCRA counsel's failure to litigate this claim was itself ineffective. (ECF No. 14 at 6-7, 19).

PCRA counsel's failure to raise this claim and its sub claims does not constitute cause to overcome procedural default pursuant to *Martinez*. These claims are not substantial and PCRA counsel's failure to raise them does not constitute ineffective assistance of counsel under *Strickland*. Petitioner's Reply identifies three sub claims. Respondents will address the first sub claim before addressing the second and third sub claims together.

### a. *Martinez* does not excuse Petitioner's procedurally defaulted claim that counsel was ineffective for failing to object to prosecutorial misconduct in the Commonwealth's opening statement

Petitioner's underlying due process claim is not substantial. PCRA counsel was not ineffective for failing to raise it because his underlying claim lacks some merit.

When assessing prosecutorial misconduct in the context of federal habeas review, the relevant question "is the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). "[H]abeas relief is not available simply because the prosecutor's remarks were undesirable or even universally condemned. The relevant question for a habeas court is whether those remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Lam v. Kelchner*, 304 F.3d 256, 271-72 (3d Cir. 2002) (quoting *Darden*, 477 U.S. at 180-81).

Viewed in the context of the entire trial, the Commonwealth did not violate due process in its opening statement where it previewed evidence that it reasonably expected to produce. The trial court prevented the parties from discussing Robinson's eyewitness testimony in their opening statements. The Commonwealth's opening statement accordingly discussed the other evidence it anticipated to introduce at trial, including Richard Carpenter's testimony, Dr. Karl Williams's testimony, and the law that the jurors would be instructed to apply to the facts of this case.

With the benefit of hindsight Petitioner argues the Commonwealth conclusively knew Carpenter would never appear during its opening statement. Carpenter previously cooperated as a witness, received a favorable sentencing recommendation from the Commonwealth in consideration for his participation, received cash payments as part of

the witness relocation program, and was subpoenaed for trial. It was reasonable for the Commonwealth to expect that Carpenter would uphold his end of his cooperation agreement and testify at trial.

Moreover, the state court record supports the conclusion that Carpenter's unavailability was not established until *after* the trial had already begun. (ECF No. 11, Exhibit 110 at APP 1514). The Commonwealth continued to contact Carpenter throughout the trial in anticipation that he would appear. (JT Vol. II at 1040, 1042-43). Carpenter's ultimate failure to appear is not something the Commonwealth could have predicted at the time of its opening statement such that discussing Carpenter's anticipated testimony infected Petitioner's entire trial with unfairness.

Petitioner failed to rebut the presumption of counsel's effectiveness when she did not object to the Commonwealth's opening statement, which previewed evidence it reasonably expected to produce. Additionally, the state record is devoid of any testimony from counsel explaining why she did not object to the Commonwealth's opening statement. *Dunn v. Reeves*, 594 U.S. ___, 141 S.Ct. 2405, 2407 (2021) (per curiam) ("[T]he absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."). The existing state record does not support Petitioner's claim and he is not entitled to further develop the record in federal court. *Shinn*, 596 U.S. at 389-90.

Petitioner cannot prove the underlying claim raised a substantial issue or that PCRA counsel was ineffective such that *Martinez* constitutes cause and prejudice to excuse his procedurally defaulted claim. Accordingly, Petitioner is not entitled to relief.[3]

> **b.  *Martinez* does not excuse Petitioner's procedurally defaulted claim that counsel was ineffective for failing to seek a remedy with respect to Richard Carpenter**

Petitioner's underlying sub claims are not substantial and PCRA counsel was not ineffective for failing to raise them. In sub claims B and C, Petitioner asserts trial counsel was ineffective for failing to seek a remedy after the Commonwealth introduced a photo array via Detective Perry wherein Carpenter identified Petitioner in the array by initialing it, but he did not testify at trial.

Respondents' Answer argued these sub claims should be dismissed because Petitioner failed to establish that counsel's conduct prejudiced him. District Courts may first consider the prejudice prong and dispose of a claim based on a lack of sufficient prejudice. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). *See e.g.*, *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (courts may consider the prejudice prong before examining the performance prong); *Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006) ("A court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced."); *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) ("We have endorsed the practical suggestion in *Strickland*

---

[3] Even if this Honorable Court were to evaluate this claim on its merits, Petitioner is not entitled to relief. (ECF No. 11 at 40-48) (arguing the instant claim is meritless).

to consider the prejudice prong before examining the performance of counsel prong "because this course of action is less burdensome to defense counsel.").

Petitioner has not established cause and prejudice exist to excuse procedural default pursuant to *Martinez*. The existing state court record does not prove that his sub claims are substantial and PCRA counsel was ineffective for failing to raise them. To the contrary, Petitioner has not proven "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

"The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Harrington v. Richter*, 562 U.S 86, 110 (2011). The burden lies with the petitioner to demonstrate circumstances that would serve to excuse a procedural default. *Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002). In light of the underdeveloped state court record, including the lack of testimony from trial counsel on these issues, Petitioner failed to meet his burden. *Dunn*, 594 U.S. ___, 141 S.Ct. at 2407 ("[T]he absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.").

The Commonwealth presented substantial evidence of Petitioner's guilt. (ECF No. 11 at 55-58) (summarizing the totality of the evidence). Although Petitioner disputes her credibility, the jury clearly found Saday Robinson's testimony to be compelling. The trial court also assessed Robinson's credibility before, during, and after Petitioner's trial. It

repeatedly found her testimony to be "tremendously compelling." (ECF No. 11, Exhibit 57 at 0366, Exhibit 68 at 0677-79). Robinson twice identified Petitioner and Mr. Ebo in a courtroom while under oath as the killers of Todd Mattox. *Id.* at 0678.

The fact finder observed Robinson's testimony and demeanor on multiple occasions and consistently found her credible. Robinson's demeanor at trial was particularly telling: "Ms. Robinson shook and trembled throughout the entirety of her testimony" and "[h]er entire demeanor reflected her hear of being involved in this case." (ECF No. 11, Exhibit 57 at 0366, 0373). While Robinson did not immediately identify Petitioner as one of the killers, the trial court found "the prior failures to identify the Defendants were the product of a fear so intense that Ms. Robinson exhibited physical manifestations of that fear over fifteen (15) months after the incident that she witnessed." (ECF No. 11, Exhibit 57 at 0374).

Further, the trial court affirmed its belief that Robinson's trial testimony was credible after it held on evidentiary hearing wherein Robinson recanted the unsworn statements she provided to Petitioner's investigator. (ECF No. 11, Exhibit 68 at APP 0677-79). The state court found that Robinson was threatened by persons associated with Petitioner and was offered a large sum of money to recant her trial testimony. (ECF No. 11, Exhibit 78 at APP 0988, Exhibit 68 at APP 0677-79). The state court found Robinson's recantation credible based on her explanation that she fabricated the statements to the investigator out of fear of Petitioner, Ebo, and their associates. *Id.*

The state court's factual findings are presumed to be correct under AEDPA. 28 U.S.C. § 2254(e)(1). Petitioner's reassessment of a cold record is insufficient to rebut the state court's factual findings that Robinson was "a tremendously compelling witness,"

(ECF No. 11, Exhibit 57 at APP 0366), and she "had nothing to gain and everything to lose" by testifying against Petitioner, (ECF No. 11, Exhibit 68 at APP 0678-79).

Petitioner has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The existing state court record supports the conclusion that counsel's conduct did not prejudice Petitioner such that it so undermined the proper functioning of the adversarial process denying Petitioner of a fair trial. Petitioner failed to show that the state court record proves his claims are substantial and PCRA counsel was ineffective for failing to raise them.

Thus, Petitioner cannot prove that PCRA counsel was ineffective such that *Martinez* constitutes cause and prejudice to excuse his procedurally defaulted claim. Accordingly, Petitioner is not entitled to relief. [4]

## II. Claim 2 is procedurally defaulted and *Martinez* does not excuse the default

As explained in Respondents' Answer, this claim is procedurally defaulted and meritless. (ECF No. 11 at 66-75). Petitioner's Reply argues he satisfies cause for this defaulted claim under *Martinez* because PCRA counsel's failure to litigate this claim was itself ineffective. (ECF No. 14 at 6-7).

PCRA counsel's failure to raise this claim does not constitute cause to overcome procedural default pursuant to *Martinez*. Petitioner's underlying ineffective assistance of counsel claim is not a substantial one. Petitioner's allegation that trial counsel was ineffective for failing to object to testimony that constituted improper vouching lacks some

---

[4] Even if this Honorable Court were to evaluate this claim on its merits, Petitioner is not entitled to relief. (ECF No. 11 at 48-66) (arguing the instant claim is meritless under *de novo* review or alternatively amounted to harmless error).

merit and PCRA counsel's failure to raise it does not constitute ineffective assistance of counsel under *Strickland*.

"Vouching constitutes an assurance by the prosecuting attorney of the credibility of a Government witness through personal knowledge or by other information outside the testimony before the jury." *United States v. Walker*, 155 F.3d 180, 184 (3d Cir. 1998). "The relevant question for a habeas court is whether those remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Lam*, 304 F.3d at 271–72 (quoting *Darden*, 477 U.S. at 180-81).

Petitioner failed to prove Tranquilli's testimony rose to the level of a due process violation. (ECF No. 14 at 19-21). He argues that Tranquilli's testimony was improper because he held a position of authority as the Deputy District Attorney and testified that Richard Carpenter was a witness to the murder. *Id.* However, irrespective of whether Tranquilli's testimony was undesirable, such conduct only rises to constitutional error when "the *impact* of the misconduct is to distract the trier of fact and thus raise doubts as to the fairness of the trial." *Marshall v. Hendricks*, 307 F.3d 36, 67 (3d Cir. 2002). Petitioner's argument is insufficient to prove a due process violation occurred and is likewise insufficient to prove counsel was ineffective for failing to object to this testimony. *See* (ECF No. 11 at 66-75) (arguing Petitioner's underlying due process argument is meritless).

Petitioner failed to demonstrate his claim has some merit for purposes of excusing procedural default. PCRA counsel cannot be found ineffective for failing to raise a meritless claim of trial counsel's ineffectiveness. *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Thus, Petitioner cannot prove the underlying claim raised a substantial

issue or that PCRA counsel was ineffective such that *Martinez* constitutes cause and prejudice to excuse his procedurally defaulted claim. Accordingly, Petitioner is not entitled to relief.[5]

### III.   Claims 4 and 5 are procedurally defaulted and *Martinez* does not excuse the procedural default

As explained in Respondents' Answer, these claims are procedurally defaulted and meritless. (ECF No. 11 at 85-92). Petitioner's Reply argues he can establish cause for each of his procedurally defaulted claims under *Martinez* because initial PCRA counsel's failure to litigate these claims was itself ineffective. (ECF No. 14 at 6-7).

PCRA counsel's failure to raise these claims does not constitute cause to overcome procedural default pursuant to *Martinez*. Neither of Petitioner's underlying ineffective assistance of counsel claims are substantial. Petitioner's allegation that trial counsel was ineffective for failing to object to Thomas Brown's testimony wherein he accused Petitioner of another murder lacks some merit and PCRA counsel's failure to raise it does not constitute ineffective assistance of counsel under *Strickland*. Likewise, Petitioner's allegation that trial counsel was ineffective for failing to object to John Gardone's identification testimony lacks some merit and PCRA counsel's failure to raise it does not constitute ineffective assistance of counsel under *Strickland*.

"When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough*, 540 U.S. at 8. A petitioner may rebut this presumption "by showing that counsel omitted significant and obvious issues while pursuing issues that were clearly

---

[5] Even if this Honorable Court were to evaluate this claim on its merits, Petitioner is not entitled to relief. (ECF No. 11 at 66-75) (arguing the instant claim is meritless).

and significantly weaker." *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 942 (3d Cir. 2019).

Petitioner's conclusory argument that no reasonable lawyer would have acted as trial counsel did is insufficient to rebut this presumption. *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991). This is especially true in light of the underdeveloped state court record, particularly the lack of testimony from trial counsel on these issues. *Dunn*, 594 U.S. ___, 141 S.Ct. at 2407. The burden lies with the petitioner to demonstrate circumstances that would serve to excuse a procedural default. *Sweger*, 294 F.3d at 520.

Petitioner failed to rebut the presumption that counsel acted tactically by showing that the issues counsel actually pursued were clearly and significantly weaker than the instant claims. Moreover, Petitioner failed to demonstrate his underlying claim has some merit for purposes of excusing procedural default. PCRA counsel cannot be found ineffective for failing to raise a meritless claim of trial counsel's ineffectiveness. *Sanders*, 165 F.3d at 253.

Accordingly, Petitioner failed to demonstrate cause and prejudice exist to excuse his procedurally defaulted claims under *Martinez* and they are barred from review.[6]

## IV.   Claim 6 is procedurally defaulted and *Martinez* does not excuse the default

This claim is procedurally defaulted and meritless. (ECF No. 11 at 92-97). Petitioner's Reply argues he satisfies cause for this defaulted claim under *Martinez* because PCRA counsel's failure to litigate this claim was itself ineffective. (ECF No. 14 at 6-7).

---

[6] Even if this Honorable Court evaluated the merits of these claims, Petitioner is not entitled to relief. (ECF No. 11 at 85-92) (arguing each of the instant claims are meritless).

PCRA counsel's failure to raise this claim does not constitute cause to overcome procedural default pursuant to *Martinez*. Petitioner's underlying ineffective assistance of counsel claim is not substantial. Petitioner argues trial counsel was ineffective for eliciting evidence that indirectly linked Petitioner to the murder weapon and because she did not offer expert testimony to rebut the Commonwealth's forensic firearms evidence. Petitioner also avers counsel was ineffective because she did not offer expert testimony to rebut the Commonwealth's forensic firearms evidence. These claims lack some merit and PCRA counsel's failure to raise them does not constitute ineffective assistance of counsel under *Strickland*.

Petitioner has not overcome the strong presumption that trial counsel acted tactically, rather than out of neglect. *Yarborough*, 540 U.S. at 8. Strategic decisions are entitled to a strong presumption of reasonableness. *Dunn*, 594 U.S. at ___, 141 S.Ct. at 2410. *Strickland* demands an analysis of whether counsel's decisions were reasonable under prevailing professional norms at the time of counsel's challenged conduct, not whether counsel pursued the best course of action in hindsight. 466 U.S. at 687-88, 690.

As explained in Respondents' Answer, the record shows that counsel had a reasonable strategic basis for her actions. (ECF No. 11 at 94-97). Her cross examination of Raymond Everett supported counsel's argument that Thompkins possessed and fired the murder weapon at both crime scenes, and it discredited the Commonwealth's theory that Petitioner possessed the gun at both shooting scenes and later gave it to Thompkins. Additionally, given her extensive cross examination of the Commonwealth's expert, it was not unreasonable for counsel not to hire her own expert in forensic firearms evidence to present rebuttal testimony.

Petitioner fails to rebut the presumption that counsel acted tactically at the time of her conduct, rather than out of neglect. His argument that the Commonwealth would not have been able to create even an indirect link between Petitioner and the murder weapon but for counsel's conduct fails to show that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harrington*, 562 U.S. at 104.

This is especially true in light of the underdeveloped state court record, particularly the lack of testimony from trial counsel on these issues. *Dunn*, 594 U.S. ___, 141 S.Ct. at 2407 ("[T]he absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."). The burden lies with the petitioner to demonstrate circumstances that would serve to excuse a procedural default. *Sweger*, 294 F.3d at 520. He failed to do so here.

Thus, Petitioner's underlying ineffective assistance of counsel claim is not a substantial one. PCRA counsel cannot be found ineffective for failing to raise a meritless claim of trial counsel's ineffectiveness. *Sanders*, 165 F.3d at 253. Petitioner failed to demonstrate that cause and prejudice exist to excuse his procedurally defaulted claim under *Martinez* and it is barred from review.[7]

## V.   Claim 9 is procedurally defaulted and *Martinez* does not excuse the default

This claim is procedurally defaulted and meritless. (ECF No. 11 at 112-17). Petitioner's Reply argues he satisfies cause for this defaulted claim under *Martinez* because PCRA counsel's failure to litigate this claim was itself ineffective. (ECF No. 14 at 6-7).

---

[7] Even if this Honorable Court evaluated the merits of these claims, Petitioner is not entitled to relief. (ECF No. 11 at 92-97) (arguing the instant claims are meritless).

PCRA counsel's failure to raise this claim does not constitute cause to overcome procedural default pursuant to *Martinez*. Petitioner's underlying ineffective assistance of counsel claim is not a substantial one. Petitioner argued trial counsel was ineffective for failing to introduce expert testimony regarding eyewitness identification at a time when such testimony was *per se* inadmissible and for failing to preserve the issue for appeal. (ECF No. 2 at 105-108). These claims lack some merit and PCRA counsel's failure to raise them does not constitute ineffective assistance of counsel under *Strickland*.

"[S]trategic decisions—including whether to hire an expert—are entitled to a 'strong presumption' of reasonableness." *Dunn*, 594 U.S. at ___, 141 S.Ct. at 2410 (quoting *Harrington*, 562 U.S. at 104). The inquiry into the reasonableness of an attorney's performance must consider all of the circumstances based on "the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 688, 690 (emphasis added).

Petitioner has not overcome the strong presumption that counsel's actions were reasonable at the time of her conduct. *Commonwealth v. Walker* had not been decided at the time of Petitioner's trial. 92 A.3d 766 (Pa. 2014). Expert eyewitness identification testimony was *per se* inadmissible at the time of Petitioner's trial. Thus, judged at the time of her conduct, counsel was not ineffective for failing to introduce this testimony at a time when the trial court had absolutely no discretion to admit such evidence. *Sanders*, 165 F.3d at 253 ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

If counsel cannot be found ineffective for failing to introduce expert eyewitness identification testimony at a time when such testimony was *per se* inadmissible, she

likewise cannot be found ineffective for failing to preserve that issue for appeal. "[T]here is no general duty on the part of defense counsel to anticipate changes in the law." *Sistrunk v. Vaughn*, 96 F.3d 666, 670-71 (3d Cir. 1996). Counsel cannot be found ineffective for failing to predict the future. *See* (ECF No. 11 at 112-17).

Petitioner failed to demonstrate his claim is substantial for purposes of procedural default. PCRA counsel cannot be found ineffective for failing to raise a meritless claim of trial counsel's ineffectiveness. *Sanders*, 165 F.3d at 253. Petitioner cannot prove the underlying claim raised a substantial issue or that PCRA counsel was ineffective such that *Martinez* constitutes cause and prejudice to excuse his procedurally defaulted claim. Accordingly, Petitioner is not entitled to relief.[8]

## VI.    Claim 10 is procedurally defaulted and *Martinez* does not excuse the default

This claim is procedurally defaulted. (ECF No. 11 at 117-18). Petitioner's Reply argues he satisfies cause for this defaulted claim under *Martinez* because PCRA counsel's failure to litigate this claim was itself ineffective. (ECF No. 14 at 6-7).

PCRA counsel's failure to raise this claim does not constitute cause to overcome procedural default pursuant to *Martinez*. Petitioner's underlying ineffective assistance of counsel claim is not a substantial one. Petitioner argued trial counsel was ineffective for failing to object to the example the trial court used to explain the concept of reasonable doubt. (ECF No. 2 at 109-118). This claim lacks some merit and PCRA counsel's failure to raise it does not constitute ineffective assistance of counsel under *Strickland*.

"Habeas relief for a due process violation concerning an absent or defective jury

_____

[8] Even if this Honorable Court were to evaluate this claim on its merits, Petitioner is not entitled to relief. (ECF No. 11 at 112-17) (arguing the instant claim is meritless).

instruction is available only when the absence of an instruction, or a defective instruction, infects the entire trial with unfairness." *Real v. Shannon*, 600 F.3d 302, 309 (3d Cir. 2010) (quoting *Albrecht v. Horn*, 485 F.3d 103, 129 (3d Cir. 2007)). A single deficient instruction does not render a judgment of conviction invalid if the charge, when considered as a whole, clearly informs the jury of the correct legal principle. *Henderson v. Kibbe*, 431 U.S. 145, 153-155 (1977). Moreover, "the proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it." *Victor v. Nebraska*, 511 U.S. 1, 6 (1994).

Petitioner has not shown the trial court's reasonable doubt instruction infected the entire trial with unfairness. Petitioner claims that "[a]n anecdote can be problematic for being insufficiently serious just as it can be problematic for being overly melodramatic." (ECF No. 14 at 34). However, the standard for determining whether a due process violation occurred is not whether the trial court's instructions were "problematic;" the standard is whether the instruction infected the entire trial with unfairness. Because the trial court's jury instructions did not violate due process, counsel was not ineffective as counsel cannot be deemed ineffective for failing to raise a meritless claim.

Petitioner failed to demonstrate his claim is substantial for purposes of procedural default. PCRA counsel cannot be found ineffective for failing to raise a meritless claim of trial counsel's ineffectiveness. *Sanders*, 165 F.3d at 253. Cause does not exist to excuse Petitioner's procedurally defaulted claim.[9] Accordingly, Petitioner's claim is barred from federal habeas review.

---

[9] Even if this Honorable Court were to evaluate this claim on its merits, Petitioner is not entitled to relief. (ECF No. 11 at 117-23) (arguing the instant claim is meritless).

**VII.    Claim 11 is procedurally defaulted and *Martinez* does not excuse the default**

This claim is procedurally defaulted. (ECF No. 11 at 123-24). Petitioner's Reply asks this Honorable Court to consider whether there is a reasonable probability that at least one juror would have harbored a reasonable doubt. (ECF No. 14 at 36-37). However, Petitioner fails to establish the cause and prejudice necessary to consider the merits of this claim.

A cumulative error argument constitutes a standalone constitutional claim subject to exhaustion and procedural default. *Collins v. Secretary of Pennsylvania Dept. of Corrections*, 742 F.3d 528, 543 (3d Cir. 2014). Petitioner invokes *Martinez* to generally allege that PCRA counsel's failure to litigate all of his defaulted claims constitute cause to overcome his procedurally defaulted claims based solely on the state court record. However, for the reasons explained above and in Respondents' Answer, Petitioner is not entitled to relief as to any of his claims.

"[E]rrors that individually do not warrant habeas relief may do so when combined." *Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007). Petitioner failed to demonstrate his claims individually present a substantial showing of the denial of a constitutional right. Thus, the accumulation of non-substantial claims cannot satisfy *Martinez*, and this claim is barred from federal habeas review.[10]

---

[10] Even if this Honorable Court were to evaluate this claim on its merits, Petitioner is not entitled to relief. (ECF No. 11 at 123-25) (arguing the instant claim is meritless).

20

WHEREFORE, on the basis of the foregoing, the Commonwealth respectfully requests that this petition be dismissed and a certificate of appealability be denied.

Respectfully submitted,

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY


By:     s/ Samantha R. Bentley
        SAMANTHA R. BENTLEY
        ASSISTANT DISTRICT ATTORNEY
        PA I.D.  328809

PROOF OF SERVICE

I, the undersigned authority, hereby certify that on this 16th day of February, 2024,

filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify

that I have mailed by United States Postal Service the document to the following non

CM/ECF participants named below.


By:     s/ Samantha R. Bentley
        SAMANTHA R. BENTLEY
        ASSISTANT DISTRICT ATTORNEY
        PA I.D. 328809



Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219
(412) 350-4377
e-mail: sbentley@alleghenycountyda.us

cc:     James Maguire
        Michael Wiseman
        Wiseman & Schwartz, LLP
        718 Arch Street, Suite 702 North
        Philadelphia, PA 19106